**Perry DATTOLI, Plaintiff,**

v.

**Thomas YANELLI, Defendant.**

**Civil A. No. 93–3190 (NHP).**

United States District Court,
D. New Jersey.

Dec. 11, 1995.

Michael J. Holub, Kelly, Gaus & Holub, Newton, New Jersey, for Plaintiff.

Mark S. Adler, Adler & Stavros, Warren, New Jersey, for Defendant.

*LETTER OPINION ORIGINAL ON FILE WITH CLERK OF THE COURT*

POLITAN, District Judge.

This matter comes before the Court on the motion of defendant Thomas Yanelli for summary judgment pursuant to Fed.R.Civ.P. 56, to dismiss the only remaining Count in the Complaint of plaintiff Perry Dattoli for failure to comply with the statute of limitations. For the reasons expressed herein, defendant's motion is **DENIED** and the Court will conduct a plenary hearing to determine the applicability of the discovery rule to plaintiff's Complaint.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

On July 19, 1993, plaintiff filed a Complaint in this Court against defendant asserting numerous causes of action based on defendant's alleged sexual molestation of plaintiff. Plaintiff is defendant's nephew. Plaintiff states that he was sexually abused by defendant for twenty-two years, from the age of eight to thirty. Plaintiff admits that the last act of sexual abuse allegedly took place in 1988.

Plaintiff states that defendant "exerted his dominance through mental and physical coercion and duress on [ ] plaintiff in order to force him to engage in the sexual acts. . . ." (First Amended Complaint, Count 1, ¶ 6). As a result of these acts, plaintiff subconsciously repressed and denied the existence and impact of these events until 1992. During a psychological therapy session with Horace H. Hunt, plaintiff first realized that his problems [1] were related to defendant's conduct.

Plaintiff's Complaint asserted causes of action for assault and battery, sexual abuse, intentional and negligent infliction of emotional distress, and invasion of privacy. On February 7, 1994, plaintiff filed an Amended Complaint which added a cause of action for fraudulent transfer. Thereafter, defendant made a motion for summary judgment to dismiss plaintiff's First Amended Complaint for failure to comply with the statute of limitations. Oral argument was heard on January 23, 1995. On the same date, the Court dismissed all of the Counts in plaintiff's Complaint except for the allegation of

---

**1.** Plaintiff asserts that as a result of defendant's acts, he suffers severe problems such as having a quick temper, being high-strung, nervous, and uncomfortable with himself, as well as having difficulties with interpersonal relationships and sleep disorders. Plaintiff is divorced, and has a fourteen-year-old child. In addition, plaintiff was put on trial for murder in January of 1990. During the trial, plaintiff revealed that he was sexually molested by defendant. Plaintiff was subsequently acquitted.

sexual abuse under N.J.S.A. 2A:61B–1. The Court reserved decision on the motion to dismiss that Count pending a psychological examination of plaintiff by a court-appointed therapist.

On August 23, 1995, plaintiff was examined by Dr. Steven S. Simring. The parties submitted supplemental briefs on the issue of the tolling of the statute of limitations as set forth in New Jersey's sexual abuse statute, N.J.S.A. 2A:61B–1(c). Oral argument was heard on November 16, 1995, and I reserved decision.

## DISCUSSION

This case requires the Court to analyze the tolling of the statute of limitations as defined in New Jersey's sexual abuse statute, N.J.S.A. 2A:61B–1. The Court notes that this provision of the statute has not been addressed by any other court. Therefore, this is a case of first impression in both the federal and state court systems.

In a case such as this, when the Court is required to apply state law, the Court is guided by the decisions of the highest court in the state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *McKenna v. Pacific Rail Serv.,* 32 F.3d 820, 825 (3d Cir.1994). In the absence of a state supreme court decision on point, the Court must examine the appellate court decisions, and predict how the supreme court would decide the issue. *Id.* at 825; *McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 661–62 (3d Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980).

The sexual abuse statute was enacted by the New Jersey Legislature on September 24, 1992. The legislation was adopted to establish a specific cause of action for sexual abuse. N.J.S.A. 2A:61B–1 Senate Judiciary Committee Statement. Previously, victims of sexual abuse had to frame a cause of action in assault, battery, and intentional infliction of emotional distress. *Id.*

The statute of limitations provision of the law provides as follows:

b. In any civil action for injury or illness based on sexual abuse, the cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse. Any such action shall be brought within two years after reasonable discovery.

c. Nothing in this act is intended to preclude the court from finding that the statute of limitations was tolled in a case because of the plaintiff's mental state, duress by the defendant, or any other equitable grounds. Such a finding shall be made after a plenary hearing, conducted in the presence of the jury. At the plenary hearing the court shall hear all credible evidence and the Rules of Evidence shall not apply, except for Rule 4 or a valid claim of privilege. The court may order an independent psychiatric evaluation of the plaintiff in order to assist in the determination as to whether the statute of limitations was tolled.

N.J.S.A. 2A:61B–1(b) and (c). The legislature expressly noted that "[b]ecause of the unique nature of sexual abuse, which may only be discovered by an adult victim after years of repression, the bill provides that a civil suit for sexual abuse shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse." N.J.S.A. 2A:61B–1 Senate Judiciary Committee Statement.

Defendant Yanelli asserts that the statute of limitations bars plaintiff's claim because plaintiff has presented no evidence, except his bald assertion, that he did not discover the causal connection between the sexual abuse and his injury until two years of therapy sessions with Horace Hunt. Plaintiff, on the other hand, posits that his testimony, accompanied by the corroborative statement of Mr. Hunt, entitles him to a plenary hearing.

The statute is silent with regard to what plaintiff must demonstrate to attain a hearing on the issue of discovery. The discovery rule, however, is a creation of the court of equity. *Lopez v. Swyer,* 62 N.J. 267, 273, 300 A.2d 563 (1973). No statutory parameters define what the plaintiff must present to obtain a plenary hearing. Similarly, the sexual abuse statute does not define when a plaintiff is entitled to the hearing. *See*

N.J.S.A. 2A:61B–1(c). The statute merely states that the court shall hold a hearing to decide whether the statute of limitations is tolled due to "the plaintiff's mental state, duress by the defendant, or any other equitable grounds." *Id.*

Equitable considerations should entitle the plaintiff to try to convince a court that he or she discovered the cause of action after the relevant statue of limitations. *Tyson v. Tyson*, 107 Wash.2d 72, 727 P.2d 226, 231 (1986) (Pearson, J., dissenting). Only after such a hearing can the court determine whether a plaintiff discovered the cause of action within a reasonable time. *See id.* "[C]oncern about the availability of objective evidence should not preclude" the plaintiff from arguing for the application of the discovery rule. *Osland v. Osland*, 442 N.W.2d 907, 908 (N.D.1989).

■ Having determined that plaintiff is entitled to a plenary hearing on the issue of when he discovered the causal connection between the sexual abuse and his injury, the Court must determine how the hearing shall be conducted and what is required of plaintiff during the proceeding. In New Jersey, the reasonable discovery of a cause of action triggering the accrual of the statute of limitations has decidedly been a question for the court. *Lopez*, 62 N.J. at 272, 300 A.2d 563. When a plaintiff asserts the discovery rule to stay the tolling of the statute of limitations, a preliminary hearing (Lopez hearing) is conducted before the court, out of the presence of the jury. *Id.* at 275, 300 A.2d 563. While the applicability of the discovery rule requires the resolution of a question of fact, the New Jersey Supreme Court in *Lopez* decided that the court is better equipped to evaluate and weigh the equitable claims of both parties. *Id.* at 274, 300 A.2d 563.

The wording of the sexual abuse statute appears to conform with the New Jersey Supreme Court's decision in *Lopez, supra.* The statute states that "[n]othing in this act is intended to preclude the *court* from finding that the statute of limitations was tolled...." N.J.S.A. 2A:61B–1(c) (emphasis added), and "[a]t the plenary hearing the *court* shall hear all credible evidence...." *Id.* (emphasis added). While the statute allows the hearing to be "conducted in the

presence of the jury," *id.*, no reason is given for this deviation from *Lopez*. No explanation is provided in the Senate Judiciary Committee Statement. Rather, the legislative comment states that "a *court* would be able to find that the statute of limitations in a particular case was suspended ...", and that "[t]he *judge* would conduct a hearing." N.J.S.A. 2A:61B–1 Senate Judiciary Committee Statement (emphasis added). The comments do not suggest that the discovery rule provided for in the statute is procedurally different from the traditional rule propounded in *Lopez*.

The confusing aspect of the statute, however, is its statement that the hearing should be "conducted in the presence of the jury." N.J.S.A. 2A:61B–1(c). When the sexual abuse law was first proposed by the legislature, it explicitly stated that the hearing, like all other evidentiary hearings, should be conducted out of the presence of the jury. Brian D. Gallagher, *Damages, Duress, and the Discovery Rule: The Statutory Right of Recovery for Victims of Childhood Sexual Abuse,* 17 Seton Hall.L.J. 505, 537–38 n. 196 (1993). Approximately seven months before the enactment of the statute, the wording was changed to reflect that the hearing could be conducted in front of the jury. *See* N.J.Public Law 1992, c. 109, § 1. No reason for this ambiguous and unexplainable amendment is provided anywhere in the legislative history.

The Court has grappled with the statute to determine the rationale for the change, and the method by which the Legislature intended the plenary hearing to be conducted. The traditional Lopez/discovery rule hearing is held in accordance with Rule 8 of the New Jersey Rules of Evidence. *See* N.J.Rule Evid. 8. Under this Rule, the judge may decide the issue out of the presence of the jury, and the rules of evidence do not apply, except for Rule 4 or a valid claim of privilege. *Id.* Similar wording is present in the statute of limitations provision of the sexual abuse law. N.J.S.A. 2A:61B–1(c). The court decides the matter and "the Rules of Evidence shall not apply, except for Rule 4 or a valid claim of privilege." *Id.* Accordingly, the Court finds the sexual abuse statute, which

allows the hearing to be held in the presence of a jury, to mean that if a jury has already been empaneled for trial, they could be present for the statute of limitations hearing. *See Lopez,* 62 N.J. at 275 n. 3, 300 A.2d 563. This would be logical where much of the evidence adduced at trial is relevant to the court's decision regarding the statute of limitations. *See id.*

The present motion is *in limine;* therefore, a jury has not yet been chosen. The Court does not believe the Legislature intended the Court to empanel a jury to simply sit idle while the judge determines the applicability of the discovery rule before trial. The waste of judicial time and resources resulting from such a procedure would be unspeakable and unjustifiable. Hence, the Court finds that the employment of the discovery rule set forth in the sexual abuse statute in the instant case is to be decided by the Court without a jury.

At the plenary hearing, the Court must determine whether plaintiff has fulfilled the burden of proving that he did not discover the causal relationship between the sexual abuse and his injuries until the Fall of 1992. The seminal case, which caused the Legislature to enact the sexual abuse statute was *Jones v. Jones,* 242 N.J.Super. 195, 576 A.2d 316 (App.Div.), *cert. denied,* 122 N.J. 418, 585 A.2d 412 (1990). Gallagher, *supra,* at 513. The New Jersey Appellate Division in *Jones* held that in a sexual abuse case the statute of limitations could be tolled by proof of either insanity or duress. *Jones,* 242 N.J.Super. at 207, 209, 576 A.2d 316. The decision in *Jones* highlighted the absence of a civil remedy for sexual abuse victims. Gallagher, *supra* at 519. In the aftermath, the *Jones* decision was often discussed for the unique manner in which the statute of limitations was tolled. *Id.* (citation omitted).

The court in *Jones* cautioned, however, that the statute of limitations should not be tolled "uncritically whenever a plaintiff claims that his or her failure to initiate suit in a timely fashion was caused by a defendant's wrongful acts." *Jones,* 242 N.J.Super. at 208, 576 A.2d 316. "No court has ever stated that the statute of limitations should be tolled merely because the plaintiff has claimed re-

pression." Gallagher, *supra,* at 536. In accord, the New Jersey statute "merely provides an opportunity [for the plaintiff] to offer proofs to support a claim of repression." *Id.* at 537 (citation omitted). The statute merely provides a plaintiff with a chance to prove to the court that his awareness of the causal connection was repressed. *Id.*

False accusations of child sexual abuse are just as difficult to refute as claims of sexual abuse are to prove. Gallagher, *supra,* at 533. Therefore, some level of proof is required of a plaintiff to protect a defendant from frivolous claims. *See Mary D. v. John D.,* 264 Cal.Rptr. 633, 640 (Ct.App. 6th Dist.1989) (stating that if plaintiff were entitled to a discovery rule hearing, he or she would have to present competent expert opinion testimony "as to the existence of specific psychological processes such as repression or disassociation"); *Roe v. Doe,* 28 F.3d 404, 407 (4th Cir.1994) (Hall, J., concurring) (propounding that "[e]vidence that the plaintiff had actually repressed the memory [ ] should be provided only by a psychiatrist or psychologist"); *Lindabury v. Lindabury,* 552 So.2d 1117, 1118 (Fla.App. 3 Dist.1989) (Jorgenson, J., dissenting) (positing that "plaintiff should have the opportunity to present to the trial court expert testimony on the issue of post traumatic stress syndrome").

The requirement of corroborating evidence is "an attempt to strike a balance between the legal and emotional needs of survivors of childhood sexual abuse and the public policy supporting statutes of limitations." *Roe,* 28 F.3d at 408 (Hall, J., concurring). In fact, the New Jersey statute itself contemplates that a plaintiff's bald assertions are not enough to toll the statute of limitations, and allows the court to request a psychiatrist's examination to help the court determine when the plaintiff discovered the causal connection. *See* N.J.S.A. 2A:61B–1(c).

■ In the case *sub judice,* plaintiff Dattoli will have to submit proof that his discovery of the causal relationship between the sexual abuse and his injuries did not occur until 1992. To date, the only evidence presented to the Court by plaintiff is his own affidavit and the unsworn statement of Horace Hunt. At oral argument on January 23, 1995, plain-

**148**

tiff admitted that Mr. Hunt's statement was not being submitted as an expert opinion. (Tr. 15, 16–19). Rather, Mr. Hunt's report was merely evidence that plaintiff was attending therapy during the relevant time period. (Tr. 15, 14–16). Again, at oral argument on November 16, 1995, plaintiff conceded that Mr. Hunt's statement was only being offered as corroboration that plaintiff believed that he did not make the causal connection until the Fall of 1992. On the other hand, the Court is in possession of Dr. Simring's report which specifically states that plaintiff was not "insane" and that "there is no psychiatric justification for tolling the statute of limitations...." (Report of Dr. Simring dated Sept. 18, 1995 at p. 7). More than this is necessary to invoke the discovery rule to toll the statue of limitations in a case of sexual abuse.

Principles of fundamental fairness allow plaintiff an opportunity to convince the Court that he discovered his cause of action after it would otherwise have been foreclosed by the statute of limitations. Plaintiff is not required to offer any proof to get to that stage of the proceeding. In contrast, to actually succeed in having the discovery rule toll the statute of limitations, plaintiff will have to submit proof, other than his own assertion, that he did not realize the connection between the alleged abuse and his injuries.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is DENIED and the Court will conduct a plenary hearing to determine the applicability of the discovery rule to plaintiff's Complaint.

An appropriate Order accompanies this Opinion.

### *FINAL ORDER*

**This matter** having come before the Court on the summary judgment motion of defendant Thomas Yanelli to dismiss the final Count in the Complaint of plaintiff Perry Dattoli, and the Court having heard oral argument on November 16, 1995, and having considered the submissions of the parties, and for the reasons more fully explained in the accompanying Letter Opinion, and for good cause having been shown,

**IT IS** on this 11th day of December 1995,

**ORDERED** that defendant's motion for summary judgment is **DENIED,** and the Court will conduct a plenary hearing to determine the applicability of the discovery rule to plaintiff's Complaint.