862 A.2d 1226 (2004)
373 N.J. Super. 639
D.M., T.D., E.F., B.F., D.Z., and M.E., Plaintiffs-Appellants,
v.
RIVER DELL REGIONAL HIGH SCHOOL, River Dell Board of Education, John Buller, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 2004.
Decided December 23, 2004.
*1227 Steven Pontell, Fort Lee, argued the cause for appellants (Verde, Steinberg & Pontell attorneys; Mr. Pontell, of counsel and on the brief, and Siobhan McGowan, River Vale, on the brief).
Francis J. Campbell, Neptune, argued the cause for respondents, River Dell Regional High School and River Dell Board of Education (Kenney, Gross, Kovats, Campbell and Pruchnik attorneys; Mr. Campbell, of counsel and on the brief).
*1228 Arnold M. Mellk, Princeton, argued the cause for respondent John Buller (Wills, O'Neill & Mellk attorneys; Mr. Mellk, of counsel and on the brief and Gidian R. Mellk, on the brief).
Before Judges FALL, PAYNE and C.S. FISHER.
The opinion of the court was delivered by
PAYNE, J.A.D.
In a complaint filed on March 17, 2003 against River Dell Regional High School, the River Dell Board of Education and John Buller, plaintiffs D.M. (fictionally, Dave), T.D. (fictionally, Ted), E.F. (fictionally, Ed), B.F. (fictionally, Bob), D.Z. (fictionally, Dick) and M.E. (fictionally, Matt)[1] allege that, while they were students at the defendant public school in the period between 1969 and 1981, they were sexually abused by their shop teacher and athletic coach John Buller, or that they witnessed his sexual abuse. On June 13, 2003, nine days after issue had been fully joined,[2] defendants moved to dismiss plaintiffs' complaint. The motion was argued on July 25, and granted in the form of summary judgment by the court. In a written opinion dated August 25, 2003, the court found that the plaintiffs' claims against Buller were barred by the statute of limitations as modified by the New Jersey Child Sexual Abuse Act, N.J.S.A. 2A:61B-1; that no cause of action existed against the school under the Act; and that common-law claims against the school were barred by N.J.S.A. 2A:14-2. At the hearing on the motion, plaintiffs' counsel requested a brief period of discovery and a hearing on the statute of limitations issues. That relief was denied by the court, which stated in connection with the claims against Buller:
The Court finds that here, a plenary hearing with respect to a determination of a plaintiff's state of mind regarding the date he reasonably discovered the injury and the causal connection between the alleged abuse and his injury, is not necessary. In J.L. [v. J.F., 317 N.J.Super. 418, 722 A.2d 558 (App.Div.1999)] the Appellate Division stated:
We do not rule or suggest that every case involving an evaluation of a tolling claim under N.J.S.A. 2A:61B-1(c) mandates a plenary hearing. There must be some fact in dispute material to a resolution of the tolling issue before a plenary hearing is required.
Id. at 435[, 722 A.2d at 567].
The plaintiffs did not suppress memories of the alleged sexual abuse, and were not forced under duress to conceal the abuse. They instead claim that they were too traumatized, embarrassed and ashamed of the sexual abuse directed at them to discuss the events with family or friends. Based on the record, the Court finds that the plaintiffs were all in a position to discover the effect of the alleged abuse shortly after they claim it occurred. There were no indications of duress and for at least a 20-year period Buller had no effective control over any of these plaintiffs. Accordingly, plaintiffs' claims against Buller are barred by the statute of limitations. N.J.S.A. 2A:61B-1(b).
*1229 In granting summary judgment on plaintiffs' common-law claims against River Dell, the court did not discuss any tolling of N.J.S.A. 2A:14-2 other than that occurring in the period of the plaintiffs' minority. N.J.S.A. 2A:14-21; Green v. Auerbach Chevrolet Corp., 127 N.J. 591, 598, 606 A.2d 1093, 1097 (1992).
Plaintiffs have appealed from the court's order of summary judgment against them. We affirm in part and reverse in part, as we more fully explain below.

I.
The conduct at issue allegedly occurred either at River Dell Junior High School or River Dell High School (collectively, River Dell) while the plaintiffs were in the seventh through ninth grades.[3] John Buller was a shop teacher at River Dell, and he coached the school's junior high school soccer and wrestling teams. Dave attended River Dell from September 1969 to June 1975, as did Ted and Ed. Bob attended River Dell from September 1976 to June 1981. Dick attended River Dell from September 1974 to the fall of 1979, and Matt attended River Dell from September 1968 to June 1973. Buller's misconduct allegedly took place in Buller's camper van, on athletic and camping trips, or at Buller's home and consisted primarily of genital fondling. Dave witnessed the conduct, but was not a victim of it. Two plaintiffs, Ted and Dick, allege episodes of oral sex. On many occasions, Buller is alleged to have given liquor and cigarettes to his vastly under-age charges prior to the sexual molestation, and a number of the plaintiffs allege that they were quite intoxicated when the conduct occurred.
Some time in the period from 1974 to 1979, Dick, who had been required to perform oral sex on Buller, reported the abuse to his parents, who contacted the school and, on a weekend, Dick's father allegedly had a conference at the family's home with the school's vice-principal, Buller and Buller's attorney. Thereafter, according to Dick: "I was restricted from walking in the hallway where Buller's classroom was located. No action was taken against Buller and I was made to feel like I had done something wrong."
None of the other plaintiffs mentioned the alleged abuse to family members or friends.[4] Approximately six or seven years before the complaint was filed, Ted commenced counseling, and he mentioned the abuse to his therapist. Ted has certified: "I thought that I should probably do something about it at the time, but I never did." No other mention of the events appears to have occurred until October 2001 when, after Dave was informed that his son had been sexually abused by a private school teacher and after he had determined that Buller remained employed at River Dell, Dave contacted Ted. The two determined to speak of their experiences to the Superintendent of Schools, and a meeting was held with the Superintendent on October 22, 2001. On December 10, 2001, representatives of the school met with Buller, and he submitted his resignation that day. The resignation became effective on December 31, 2001. An article in the Bergen Record on April 24, *1230 2002 reported on Buller's resignation and on the allegations of sexual abuse against him.
Ed has certified that he first became aware that others had been abused by Buller in the fall of 2001 when he was invited to dinner with Don, other victims of Buller's sexual abuse, and counsel for the River Dell Board of Education and River Dell Regional High School. Bob and Matt claim to have learned of Buller's abuse of others through the article in the Bergen Record in April 2002.

II.
We first address plaintiffs' appeal from the court's dismissal of their action against Buller on statute of limitations grounds. N.J.S.A. 2A:61B-1(b) establishes a two-year statute of limitations upon civil actions for sexual abuse that accrues "at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse." Prior decisions have emphasized that plaintiff's knowledge both of the fact of abuse and its causal relationship to injury must exist in order for the statute of limitations to commence. See J.L. v. J.F. 317 N.J.Super. 418, 433-34, 722 A.2d 558, 566 (App.Div.), certif. denied, 158 N.J. 685, 731 A.2d 45 (1999); Dattoli v. Yanelli, 911 F.Supp. 143, 145-46 (D.N.J.1995). Moreover, we have recognized that "[u]nder the `reasonable discovery' accrual standard contained in N.J.S.A. 2A:61B-1(b), plaintiffs may have a conscious memory of the sexual abuse, but may not have reasonably discovered that the serious psychological and mental illness injury they suffer from was caused by that sexual abuse." J.L., supra, 317 N.J.Super. at 434, 722 A.2d at 566.
In J.L., the plaintiff sisters, although aware of their own abuse by their uncle as children, were unaware that their siblings had been similarly abused until the fact was disclosed years later at a family dinner in 1995. The plaintiffs in J.L. offered expert evidence that a significant percentage of child victims of sexual abuse delay reporting that fact (id. at 426, 722 A.2d at 562) and that it was not unusual for a victim of childhood sexual abuse to begin to understand the extent to which the victim had been damaged by the abuse only when the fact that others had been similarly abused was disclosed. Id. at 433, 722 A.2d at 566. We found:
The reasons advanced by plaintiffs for waiting so long prior to instituting suit raise questions of material fact on the issue of "reasonable discovery" of their injury from the abuse and its causal relationship to the acts of sexual abuse. N.J.S.A. 2A:61B-1(b).... [A] determination [whether plaintiffs recognized the harm defendant had caused them only in 1995] depends on their state of mind, and their credibility. "[I]ssues hinging upon a party's mental state are not appropriate for resolution by way of summary judgment." Jones [v. Jones, 242 N.J.Super. 195, 205, 576 A.2d 316, 321 (App.Div.), certif. denied, 122 N.J. 418, 585 A.2d 412 (1990)].
[J.L., supra, 317 N.J.Super. at 431, 722 A.2d at 565.]
In J.L., we also considered the effect of N.J.S.A. 2A:61B-1(c), which provides:
Nothing in this act is intended to preclude the court from finding that the statute of limitations was tolled in a case because of the plaintiff's mental state, duress by the defendant, or any other equitable grounds. Such a finding shall be made after a plenary hearing. At the plenary hearing the court shall hear all credible evidence and the Rules of Evidence shall not apply, except for Rule 403 or a valid claim of privilege. The court may order an independent psychiatric evaluation of the plaintiff in order to assist in the determination as to *1231 whether the statute of limitations was tolled.
We noted that the "language in N.J.S.A. 2A:61B-1(c) provides little guidance concerning the precise meaning of `mental state' or the catch-all phrase `any other equitable grounds.'" Id. at 434, 722 A.2d at 566. However, we recognized that "mental state" constituted a broader concept than "insanity," a definitional criterion suggested by Jones v. Jones, 242 N.J.Super. 195, 576 A.2d 316 (App.Div.), certif. denied, 122 N.J. 418, 585 A.2d 412 (1990) and utilized in N.J.S.A. 2A:14-21, but not adopted by the Legislature for use in N.J.S.A. 2A:61B-1(c), "perhaps giving recognition to the uniqueness of the facts of each case." J.L., supra, 317 N.J.Super. at 434, 722 A.2d at 566. We concluded:
Logically, therefore, the statute declares that a finding of tolling shall be made after a plenary hearing, where the court "shall hear all credible evidence ..." and the court "may order an independent psychiatric evaluation of the plaintiff in order to assist in the determination as to whether the statute of limitations was tolled." N.J.S.A. 2A:61B-1(c). A full examination of the "mental state" of each plaintiff is required, as is a review of all the peculiar circumstances of the case to determine the existence of "any other equitable grounds" before a determination is made whether the applicable statute-of-limitation period is tolled. A plenary hearing is necessary to fully evaluate the applicability of this statutory criteria to plaintiffs.
[Id. at 434-35, 722 A.2d at 566-67.]
In the present case, the motion judge declined to hold a plenary hearing pursuant to N.J.S.A. 2A:61B-1(b) and (c), reasoning that it was unnecessary in a case in which the plaintiffs did not allege suppression of their memories of the alleged sexual abuse or duress sufficient to cause them to conceal what had occurred. However, as we have demonstrated, we have already afforded plaintiffs the opportunity to demonstrate a delayed accrual of their cause of action or grounds for equitable tolling in circumstances in which neither repressed memory nor duress existed. We see no reason to retreat from that position. In light of the Child Sexual Abuse Act's remedial purpose (see Hardwicke v. American Boychoir School, 368 N.J.Super. 71, 85, 845 A.2d 619, 627-28 (App.Div.), leave to appeal granted, 180 N.J. 446, 852 A.2d 186 (2004)) we are unwilling to read the accrual provisions of the Act as narrowly as did the motion judge.
The motion judge acknowledged our opinion in J.L., but held it to be inapplicable, relying on our statement in J.L. that "[w]e do not rule or suggest that every case involving an evaluation of a tolling claim under N.J.S.A. 2A:61B-1(c) mandates a plenary hearing. There must be some fact in dispute material to a resolution of the tolling issue before a plenary hearing is required." J.L., supra, 317 N.J.Super. at 435, 722 A.2d at 567.
Clearly, plaintiffs' positions, as presently articulated, are less well developed than were those of the plaintiffs in J.L. Most particularly, no expert evidence was presented on their behalf. However, the absence of such evidence was not deemed to be fatal by Judge Politan in Dattoli, supra, a case in which plaintiff alleged that his memory of sexual abuse had been repressed until he underwent psychotherapy many years after the conduct had occurred. 911 F.Supp. at 148. There, despite the fact that a court-appointed expert had found that plaintiff was not "insane" and that "there [wa]s no psychiatric justification for tolling the statute of limitations," the court afforded plaintiff the opportunity *1232 to submit proof of the accuracy of his statements as to accrual in a plenary hearing. Ibid.
Moreover, we note that defendants' motion to dismiss plaintiffs' complaint was filed a mere nine days after issue was fully joined. It is therefore unclear to us that plaintiffs had the opportunity to marshal the proofs that they would have presented if more time had been afforded to them. Plaintiffs' attorney sought that additional time, and it was denied. A trial court "should assure itself that the parties have had a reasonable opportunity to obtain and submit material information to the court" before granting summary judgment. Ziegelheim v. Apollo, 128 N.J. 250, 264, 607 A.2d 1298, 1305 (1992). Cf. also Sholtis v. American Cyanamid Co., 238 N.J.Super. 8, 19, 568 A.2d 1196, 1202 (App.Div.1989); Chemical Bank v. Penny Plate, Inc., 144 N.J.Super. 390, 399-400, 365 A.2d 945, 950 (App.Div.1976).
When we view the existing evidence in a light most favorable to plaintiffs, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146, 156 (1995), with the exception of claims against Buller asserted by Ted (T.D.), we find plaintiffs' prima facie showing of their "mental state" and the existence of "equitable grounds" to be sufficient to raise issues of fact as to the applicability of the bar of the statute of limitations. A hearing on the accrual of the causes of action against Buller of the remaining five plaintiffs is therefore warranted. We find no grounds to preserve the claims of Ted, who has admitted in his certification that he recognized six to seven years before suit was filed that he had been injured by Buller and should file suit against him, but did not. The remaining defendants all presented at least some evidence that their realization that Buller's abuse was widespread and that they had suffered injury as the result of his conduct arose in the years 2001 or 2002 at a time less than two years before suit was filed. As a result, we remand their claims for a plenary hearing, at which time plaintiffs should be afforded the opportunity to present expert evidence, should they choose to do so, and other facts to support their claims under N.J.S.A. 2A:61B-1(b) or (c).

III.
Different considerations apply to plaintiffs' claims against River Dell. As River Dell correctly argues, it is not presently subject to the Child Sexual Abuse Act, since it did not stand in a relationship to plaintiffs of "in loco parentis within the household"  a peculiar requirement of the statute that can be traced back to the case causing its enactment, Jones v. Jones. See Hardwicke, supra, 368 N.J.Super. at 85, 845 A.2d at 627-28 (discussing historical origins of statute); Smith v. Estate of Kelly, 343 N.J.Super. 480, 502, 778 A.2d 1162, 1175 (App.Div.2001) (holding that Catholic church was not "within" a parishioner's household). Thus, dismissal of plaintiffs' claims against River Dell under the Child Sexual Abuse Act was proper, and we affirm it.
However, in their complaint, plaintiffs did not limit their causes of action against the school to a statutory one under the Child Sexual Abuse Act, alleging as well negligence, intentional conduct, assault and battery, breach of a duty to provide a safe school, violation of civil rights, violation of privacy, infliction of emotional distress, and a cause of action under the Tort Claims Act. As the court recognized in its written decision, the two-year statute of limitations set forth in N.J.S.A. 2A:14-2, tolled only for the period of the plaintiffs' minority, applies to these claims.
*1233 In their brief on appeal, plaintiffs argue that until newspaper coverage occurred "late" in 2001[5], they were unaware that Buller's conduct had been brought to the attention of the school by Dick and his parents. If these allegations are indeed correct, an argument could be made that plaintiffs, with the exception of Dick (D.Z.),[6] were unaware of the school's potential liability until then. In such circumstance, discovery rule principles articulated in Lopez v. Swyer, 62 N.J. 267, 272-76, 300 A.2d 563, 565-68 (1972) would serve to preserve the remaining plaintiffs' claims.[7] This issue, likewise, requires exploration in a plenary hearing on remand.
For the reasons that we have stated, we affirm the dismissal of claims by T.D. against John Buller as barred by the statute of limitations set forth in N.J.S.A. 2A:61B-1(b); the dismissal of all plaintiffs' claims against River Dell Regional High School and the River Dell Board of Education under the Child Sexual Abuse Act, N.J.S.A. 2A:61B-1, as outside the scope of that Act; and the claims of D.Z. against River Dell Regional High School and the River Dell Board of Education as barred by the statute of limitations set forth in N.J.S.A. 2A:14-2. We reverse the order of summary judgment entered on plaintiffs' remaining claims against all defendants and remand those claims for a hearing to determine the dates of accrual of plaintiffs' causes of action under applicable statutes.
NOTES
[1] The appendix submitted by plaintiffs on appeal contains a certification by an additional student whose initials are V.G. That student does not appear as a party to the action as set forth in plaintiffs' initial complaint (plaintiffs' amended complaint was not included in the record before us), and his initials do not appear in the caption on appeal. We therefore have not considered his claims, if any.
[2] River Dell filed its answer on May 7, 2003 and Buller filed his answer on June 4, 2003.
[3] It is unclear to us why the complaint names the high school but not the junior high school as a defendant.
[4] Dave mentioned the abuse of Ted to two friends when the abuse occurred, and the three boys spoke to Ted. Ted requested that nothing further be said. Bob both witnessed and was a victim of Buller's conduct. Otherwise, no evidence has been presented to suggest that plaintiffs had knowledge at the time or for many years thereafter of widespread abuse.
[5] The record reflects that coverage to have occurred in April 2002, although earlier publicity may have existed.
[6] In plaintiffs' brief, the claim is made that Dick was unaware of the meeting between his father, the school and Buller. However, that fact is not reflected in either of his certifications and is inconsistent with his account of retaliation by the school against him following his complaint.
[7] We do not find on the basis of the record before us that Dick's claims against Buller are similarly barred as a matter of law, since we view the operation of N.J.S.A. 2A:14-2 to be different from that of N.J.S.A. 2A:61B-1(c). We express no views as to whether Dick's claims against Buller remain actionable under the standards set forth in the latter statute.