# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5536-17T4

A.Z.,

     Plaintiff-Appellant,

v.

A.R.P. and R.T.P,

     Defendants-Respondents.

_____

Submitted January 6, 2020 – Decided February 24, 2020

Before Judges Ostrer, Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-4011-17.

The Privacy Firm, PC, attorneys for appellant (Joseph A. Bahgat, on the briefs).

Pringle Quinn Anzano, PC, attorneys for respondents (Kenneth E. Pringle, of counsel and on the brief; Denise M. O'Hara, on the brief).

PER CURIAM

Plaintiff A.Z.[1] appeals from a March 28, 2018 order dismissing without prejudice her complaint alleging two causes of action under the New Jersey Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1, and a June 22, 2018 order dismissing the two identical CSAA claims in her amended complaint with prejudice and dismissing newly-asserted common law claims for assault and battery and false imprisonment without prejudice. Based on our review of the record in light of the applicable law, we affirm in part, vacate in part, and remand for further proceedings.

I.

In her complaint and amended complaint, plaintiff alleged that over a period of months in 2011, when she was sixteen years old, she was sexually abused and assaulted by then seventeen-year-old defendant A.R.P. (Art). In her initial complaint filed in October 2017, plaintiff asserted a cause of action against Art for sexual abuse under the CSAA and a separate claim against his father, defendant R.T.P., asserting R.T.P. violated the CSAA by "knowingly permitt[ing] and/or acquiesc[ing] in" Art's sexual abuse of plaintiff.

---

[1] We use pseudonyms and initials to refer to the parties to protect the privacy of plaintiff, an alleged victim of sexual offenses.

A-5536-17T4

In response to defendants' Rule 4:6-2(e) motion to dismiss the complaint, the court determined plaintiff failed to state claims upon which relief could be granted because the CSAA defines sexual abuse "as an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult," N.J.S.A. 2A:61B-1(a)(1), and Art, at age seventeen, was not an adult when the alleged sexual abuse occurred. Thus, the court found plaintiff did not assert cognizable claims under the CSAA, and it entered a March 28, 2018 order dismissing the complaint without prejudice and granting plaintiff thirty days to file an amended complaint.

In plaintiff's April 2018 amended complaint, she reasserted the identical CSAA claims against Art and R.T.P. and added two common law claims; count three asserted an assault and battery claim, and count four alleged a false imprisonment claim. The amended complaint also alleged that "[b]ecause of psychological trauma, plaintiff was prevented from discovering the abuse until [November 4, 2016,] when she learned [Art] had also raped one of her friends."[2]

---

[2] The initial complaint included the identical allegation, but the court was not required to address it in the first motion to dismiss because the court's analysis and findings were limited to whether the CSAA authorized claims against an individual who was seventeen when the alleged sexual abuse occurred. See N.J.S.A. 2A:61B-1(a)(1). Thus, in deciding the initial motion to dismiss, the court did not determine when plaintiff's claims accrued under N.J.S.A. 2A:61B-1(b) or whether the claims were timely filed under the statute.

Defendants moved to dismiss the amended complaint under Rule 4:6-2(e). A different judge granted the motion, finding improper plaintiff's request that she review and reverse the prior judge's determination plaintiff failed to assert viable CSAA claims. The court further found that the newly-asserted common law claims were time-barred under N.J.S.A. 2A:14-2's two-year limitations period, and the discovery rule, which plaintiff argued delayed the accrual of her common law claims until November 2016, "is unsupported by the law."

The court entered a June 22, 2018 order dismissing the CSAA claims with prejudice and the common law claims without prejudice. The judge advised plaintiff at oral argument on the dismissal motion that if she filed a second amended complaint, it should have "substance and [be] different from what's already been filed." This appeal followed.

## II.

### A.

We first address defendants' argument plaintiff could not properly appeal the June 22, 2018 order as of right pursuant to Rule 2:2-3 because it is not a final judgment. More particularly, defendants argue the court's June 22, 2018 order is not final because it dismissed without prejudice the common law claims asserted in counts three and four.

Rule 2:2-3(a)(1) permits an appeal as of right to the Appellate Division only from a final judgment. "To be a final judgment, an order generally must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549 (App. Div. 2007) (quoting S.N. Golden Estates, Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)). "This rule, commonly referred to as the final judgment rule, reflects the view that '[p]iecemeal [appellate] reviews, ordinarily, are [an] anathema to our practice.'" S.N. Golden, 317 N.J. Super. at 87 (alterations in original) (quoting Frantzen v. Howard, 132 N.J. Super. 226, 227-28 (App. Div. 1975)). "If an order is not a final judgment, a party must be granted leave to appeal by the Appellate Division," Janicky, 396 N.J. Super. at 550, unless the order falls within the limited class of interlocutory orders that may be appealed as of right, see R. 2:2-3(a)(3). The order dismissing plaintiff's common law claims without prejudice is not an interlocutory order for which an appeal of right may be taken under Rule 2:2-3(a)(3).

"A dismissal without prejudice is comparable to a nonsuit . . . . It adjudicates nothing. Another action may be instituted and the same facts urged, either alone or in company with others as the basis of a claim for relief." Malhame v. Borough of Demarest, 174 N.J. Super. 28, 30-31 (App. Div. 1980) (quoting Christiansen v. Christiansen, 46 N.J. Super. 101, 109 (App. Div.

1957)).  The June 22, 2018 order allows plaintiff to refile her complaint to allege additional facts supporting her common law causes of action, and the judge, anticipating further pleadings, advised plaintiff any amended pleading should include a more substantial assertion of the facts.  Thus, the June 22, 2018 order is not a final order; it does not finally dispose of all claims as to all parties.  See Grow Co. v. Chokshi, 403 N.J. Super. 443, 460 (App. Div. 2008) (explaining a "dismissal without prejudice of unadjudicated claims that have not been concluded in fact but are left to be resurrected in a new suit" does not constitute a final judgment allowing appellate review as of right); CPC Int'l, Inc. v. Hartford Accident & Indem. Co., 316 N.J. Super. 351, 366 (App. Div. 1998) (finding a dismissal of a claim without prejudice is not a means "to foist jurisdiction [over an interlocutory order] upon this court").[3]

In any event, to avoid further delay in the prosecution of this matter and any further proceedings before the trial court on claims that are fatally flawed and cannot be remedied by amended pleadings, we deem plaintiff's notice of

---

[3] We recognize that sometimes a trial judge may mischaracterize an order as "without prejudice" when the court has, in fact, fully and finally disposed of the issues.  See Morris County v. 8 Court Street, Ltd., 223 N.J. Super. 35, 38-39 (App. Div. 1988).  Ultimately, whether an order is final and appealable as of right "depends on its nature rather than on any characterization of it."  In re Tiene, 19 N.J. 149, 160 (1955).

appeal a timely motion for leave to appeal, grant the motion nunc pro tunc, and address the merits of the court's rulings on defendants' motion to dismiss under Rule 4:6-2(e). See, e.g., Grow, 403 N.J. Super. at 462-63 (concluding it would be inequitable under the circumstances presented to dismiss an appeal from an interlocutory order dismissing a complaint without prejudice).

B.

Rule 4:6-2(e) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." When considering an application for relief under this rule, a court is required to "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Major v. Maguire, 224 N.J. 1, 26 (2016) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

We review an order of dismissal under Rule 4:6-2(e) de novo and "apply the same test as the Law Division." Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186 (App. Div. 2006). In other words, "our inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and determining if "a cause of action is 'suggested' by the facts." Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-

<u>Morristown</u>, 116 N.J. at 746). "The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach." <u>Printing Mart-Morristown</u>, 116 N.J. at 746.

Plaintiff argues the court erred by finding the complaint and amended complaint did not assert legally cognizable claims under the CSAA. She challenges the court's conclusion that Art's alleged actions could not constitute sexual abuse by an adult covered by the CSAA because Art, at age seventeen, was not an adult within the statute's meaning.

In counts one and two of the complaints, plaintiff alleged causes of action under the CSAA. <u>See</u> N.J.S.A. 2A:61B-1. The CSAA provides a "statutory cause of action for sexual abuse." <u>R.L. v. Voytac</u>, 199 N.J. 285, 297 (2009). The statute supports the Legislature's "paramount goal of . . . keep[ing] children safe and to identify those who abuse them as well as those who facilitate the abuse." <u>Hardwicke v. Am. Boychoir Sch.</u>, 188 N.J. 69, 90 (2006).

As noted, the CSAA defines sexual abuse for which a cause of action is authorized as "an act of sexual contact or sexual penetration between a child under the age of 18 years <u>and an adult</u>." N.J.S.A. 2A:61B-1(a)(1) (emphasis added). The statute also provides in pertinent part that "[a] parent, . . . guardian

8

or other person standing in <u>loco</u> <u>parentis</u> . . . who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse . . . ." <u>Ibid.</u>

The CSAA does not define the term adult, but, subject to exceptions not applicable here, the Legislature has otherwise determined that "every person 18 or more years of age shall in all . . . matters and for all . . . purposes be deemed to be on adult."[4]  N.J.S.A. 9:17B-3.  In enacting N.J.S.A. 9:17 B-3 in 1972, "the Legislature . . . chose[] in one enactment to eradicate 21 as the age of majority and substitute age 18 rather than initially attempt the massive task of ferreting out each and every statute which would require alteration."  <u>N.J. State Policemen's Benevolent Ass'n v. Town of Morristown</u>, 65 N.J. 160, 165 (1974). The Legislature is presumed to be aware of its long-standing enactments.  <u>Chase Bank U.S.A., NA v. Staffenberg</u>, 419 N.J. Super. 386, 402 (App. Div. 2011). Thus, when it enacted the CSAA in 1992, and defined sexual abuse as involving sexual contact or penetration between a child under eighteen and an adult, the

_____

[4] N.J.S.A. 9:17B-3 includes the following limited exceptions to the "adult" legal status of individuals eighteen years of age or older: (1) certain individuals between eighteen and twenty-one years of age who are provided services relating to dependent and neglected children under N.J.S.A. 30:4C-1 to -44; (2) certain individuals under the provisions of the New Jersey Uniform Gifts to Minors Act, N.J.S.A. 46:38-13 to -41; and (3) certain individuals under the New Jersey Uniform Transfers to Minors Act, N.J.S.A. 46:38A-1 to -56.

Legislature clearly intended that, consistent with N.J.S.A. 9:17B-3, an adult is a person eighteen years of age or older.

Plaintiff's causes of action under the CSAA fail to state a claim upon which relief can be granted because plaintiff asserts Art was only seventeen when the alleged sexual assaults occurred. As a matter of law, see N.J.S.A. 9:17B-3, Art was not an adult when the alleged assaults occurred, and, therefore, his alleged actions were not by definition sexual abuse under the CSAA, N.J.S.A. 2A:61B-1(a)(1). In addition, plaintiff's CSAA claim against Art's father is not legally cognizable because the CSAA makes liable a parent "who knowingly permits or acquiesces in sexual abuse by any other person," N.J.S.A. 2A:61B-1(a)(1), but, again, Art's alleged actions are not sexual abuse as defined in the statute. We therefore affirm the dismissal with prejudice of plaintiff's CSAA claims in counts one and two of the amended complaint.

Plaintiff also challenges the court's dismissal of the amended complaint's common law claims in counts three and four alleging assault and battery, and false imprisonment. Plaintiff alleged Art sexually assaulted her in 2011 when she was sixteen, her initial complaint was not filed until October 2017, and the amended complaint asserting the common law claims was filed in April 2018.

A-5536-17T4

Plaintiff further alleged that "[b]ecause of psychological trauma[,] [she] was prevented from discovering the abuse until Nov[ember] 4, 2016."

Defendants moved to dismiss on statute of limitations grounds, asserting the common law claims were filed beyond the two-year statute of limitations for personal injury claims, N.J.S.A. 2A:14-2, as extended by the two years following plaintiff's eighteenth birthday in 2013, N.J.S.A. 2A:14-21. Plaintiff argued the common law claims were filed within the time permitted under the CSAA's accrual and tolling provision. See N.J.S.A. 2A:61B-1(b) (providing a CSAA sexual abuse claim "accrue[s] at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse" and permitting the filing of claims "within two years after reasonable discovery"). Plaintiff argued in the alternative that, under the common law discovery rule, her common law claims did not accrue until 2016, when she purportedly discovered the abuse, and that she timely filed her claims within two years of that discovery.

The judge correctly determined plaintiff could not rely on the CSAA's accrual and tolling provision, N.J.S.A. 2A:61B-1(b), because: it applies solely to claims "based on sexual abuse"; Art was not an adult under the CSAA when the alleged sexual assaults occurred; and the alleged assaults therefore did not constitute sexual abuse under the statute. The CSAA's accrual and tolling

11

provision does not apply to common law claims based on related conduct unless the plaintiff has a valid claim against the defendant under the CSAA. Hardwicke, 188 N.J. at 100 n.12 (rejecting the argument that "the liberal tolling provisions of the [CSAA] apply to common law causes of action based on conduct not within the definition of sexual abuse found in the [statute]"). Lacking any valid claim under the CSAA, the statute's accrual and tolling provision does not define either the accrual date or limitations period for plaintiff's common law claims. Ibid.

The court, however, did not address the merits of plaintiff's argument that her common law claims did not accrue until November 2016 under the common law discovery rule. Instead, the court summarily noted only that "the argument made by plaintiff that the discovery rule should apply is unsupported by the law."

The common law discovery rule, first articulated in the medical malpractice context in Fernandi v. Strully, 35 N.J. 434 (1961), is a rule of equity that defers a cause of action's accrual date to the date the plaintiff knew or was chargeable with knowing an injury has occurred and the injury is the fault of another. See Lopez v. Swyer, 62 N.J. 267, 273-74 (1973). It "was developed as a means of mitigating the harsh results which flow from a rigid adherence to a

strict rule of law."  Heyert v. Taddese, 431 N.J. Super. 388, 435 (App. Div. 2013) (citing Lopez, 62 N.J. at 273-74).

Traditionally, the discovery rule is

> reserved for limited occasions.  These include: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has "in some extraordinary way" been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum," with the caveat that any restrictions on tolling "must be scrupulously observed."
>
> [F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012) (quoting Kocian v. Getty Ref. & Mktg., Co., 707 F.2d 748, 753 (3d Cir. 1983))].

"Whether the discovery rule applies depends on 'whether the facts presented would alert a reasonable person, exercising ordinary diligence that he or she was injured due to the fault of another.'"  Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 134 (2017) (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)).  "The standard is basically an objective one – whether plaintiff 'knew or should have known' of sufficient facts to start the statute of limitations running."  Ibid.  "[L]egal and medical certainty are not required for a claim to accrue."  Kendall v. Hoffman-La Roche, Inc., 209 N.J. 173, 193 (2012).

A-5536-17T4

Here, the inapplicability of the CSAA's accrual and tolling provision to plaintiff's common law claims did not leave plaintiff without recourse to the common law discovery rule. That is, simply because plaintiff could not rely on the CSAA accrual and tolling provision did not preclude plaintiff from asserting, and the court from considering whether, the discovery rule tolled the running of the two-year limitations period under N.J.S.A. 2A:14-2 for tort claims not encompassed by the CSAA. See generally D.M. v. River Dell Reg'l High School, 373 N.J. Super. 639, 649-50 (App. Div. 2004) (applying the two-year limitations period in N.J.S.A. 2A:14-2 to the plaintiffs' causes of action for negligence, assault and battery, and intentional infliction of emotional distress after determining the CSAA did not apply to the claims).

The judge erred by finding the common law discovery rule inapplicable to plaintiff's common law claims as a matter of law. We therefore vacate the order dismissing the causes of action in counts three and four and remand for the court to consider and determine, in the first instance, the accrual date of those claims and whether the claims were timely filed within the limitations periods in N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-21. Our vacation of the court's dismissal of the causes of action shall not be construed as an opinion as to the accrual date or timeliness of the filing of the claims. On remand, the court shall

consider the pleadings; shall allow any proper amendments to the pleadings; and shall conduct any proceedings or hearings, if any, it deems necessary and appropriate to resolve defendants' motion to dismiss the common law claims on statute of limitations grounds.

Any arguments made by the parties that we have not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed as to the dismissal with prejudice of counts one and two of the amended complaint.[5] Vacated as to the order dismissing counts three and four of the amended complaint and remanded for further proceedings consistent with this opinion.[6] We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] The March 28, 2018 and June 22, 2018 orders from which plaintiff appealed each dismiss plaintiff's causes of action under the CSAA. We affirm the March 28, 2018 order and that portion of the June 22, 2018 order dismissing the CSAA claims.

[6] We vacate that portion of the June 22, 2018 order dismissing counts three and four of the amended complaint. The March 28, 2018 order addressed only the initial complaint, which did not include the common law claims asserted in counts three and four of the amended complaint.

A-5536-17T4