213 N.J. Super. 16 (1986)
516 A.2d 258
MIGUEL A. ORTEGA, PLAINTIFF-RESPONDENT,
v.
STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
MIGUEL A. ORTEGA, PLAINTIFF-APPELLANT,
v.
MARIO VALDES, HOWARD M. SIMBOL, THE CITY OF PASSAIC AND PATRICIA TAMBURO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1986.
Decided October 2, 1986.
*18 Before Judges FURMAN, SHEBELL and STERN.
H. Edward Gabler, Deputy Attorney General, argued the cause for appellant State of New Jersey (W. Cary Edwards, Attorney General, attorney; Jerry Fischer, Deputy Attorney General, of counsel).
Charles A. Becker, Jr., argued the cause for appellant/respondent Miguel A. Ortega.
George O. Foster argued the cause for respondent Mario Valdes (Fiorello, Moraff, Foster & Corrado, attorneys).
Donald M. Garson argued the cause for respondent City of Passaic (Cohen, Markowitz & Garson, attorneys; Joseph Buttafuoco on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
On consolidated appeals the issue before us is the interplay as applied to the facts, of what are argued to be conflicting statutes, the Tort Claims Act, N.J.S.A. 59:9-2(e), which provides for the deduction of collateral source benefits from awards against public entities, and the Worker's Compensation Act, N.J.S.A. 34:15-40, which provides for the imposition of a worker's compensation lien in the amount of medical and compensation payments already paid, upon a third party recovery by the employee. We hold that the two statutes are reconcilable. We reverse and remand for a disposition giving effect to both in accordance herewith.
In the jury trial of the tort action, plaintiff Ortega, an employee of the State of New Jersey, was awarded a verdict of $35,000 against defendant City of Passaic, its employee defendant *19 Simbol, and defendant Valdes; the jury apportioned liability for the causation of the accident pursuant to the comparative negligence section of the Tort Claims Act, N.J.S.A. 59:9-4: 72 1/2% against defendants city and Simbol and 27 1/2% against defendant Valdes. Plaintiff had previously been paid worker's compensation medical and disability benefits totalling close to $6,000.
In the companion case instituted subsequent to the tort verdict, plaintiff sought a declaratory judgment against the State that its worker's compensation lien for payments to him should be limited to 27 1/2%, the proportion of the individual defendant Valdes' liability under the jury verdict. He was apprehensive that, because defendant city and its employee were exempt under N.J.S.A. 59:9-2(e) from payment of the worker's compensation lien, defendant Valdes' limited liability insurance coverage of $15,000 would be insufficient to pay off 100% of the worker's compensation lien and, in addition, the balance of the tort judgment.
The State appeals from declaratory judgment entered on order to show cause, limiting the State's entitlement to reimbursement to 27 1/2% of its total lien. In the tort action, plaintiff appeals from an order denying his motion to amend the final judgment to provide for liability of defendant Valdes in the amount of the judgment less codefendants' 72 1/2% proportion and the "entire amount of any permanent disability award." That motion was brought to protect plaintiff's right to full compensation in the event of a conclusion adverse to him in the declaratory judgment action at the trial level or on appeal.
The judgment entered in the tort action is not itself appealed from. That judgment purports to award judgments against the respective defendants in favor of plaintiff in the proportions of liability provided in the jury verdict, that is, 72 1/2%, less 72 1/2% of medical and disability payments, or $21,153.32 against defendants city and Simbol and 27 1/2%, or $11,007.84 against defendant Valdes.
*20 That judgment, in our view, mistakes the governing law. Under the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., joint and several liability of tortfeasors remains the law. A judgment in the total amount of a jury verdict is entered against each defendant determined by the jury to be liable, irrespective of the proportion of each defendant's negligence. A defendant who pays more than the share of liability apportioned by the jury may seek contribution for his payment in excess of that apportioned share against any tortfeasor codefendant who has paid plaintiff less than his own apportioned share. N.J.S.A. 2A:15-5.3.
As the Supreme Court stated in Rivera v. Gerner, 89 N.J. 526, 535 (1982):

N.J.S.A. 2A:53A-1 et seq. allows a plaintiff to sue either defendant for the entire claim or to sue them jointly and levy execution of the entire amount against either alone. The defendant is entitled to seek contribution from his fellow defendants if recoverable. See Van Horn v. William Blanchard Co., 88 N.J. 91, 96 (1981) and Tino v. Stout, 49 N.J. 289 (1967) as to disparate effects upon joint tortfeasors. If one defendant were insolvent or bankrupt, a second joint tortfeasor might be liable for the total amount of the judgment. This result would seem to impose a disproportionate burden on the solvent defendant. However, this rule operates to provide the injured person with full recovery. Just as the common law did, the Legislature may reasonably grant injured plaintiffs the right to full recovery from any of multiple tortfeasors. These principles do not act to abridge a defendant's due process rights.
In Rivera the threshold for a pain and suffering damage award against a public entity under N.J.S.A. 59:9-2(d) had not been established. The public entity was found with its employee to have been 85% at fault in the causation of the accident. The total damage verdict was $50,000, including $30,000 for pain and suffering. In the absence of proof that the threshold had been met, the Supreme Court approved a form of judgment as follows: the individual defendant to be liable for 100% of the $30,000 pain and suffering verdict and both the public entity and the individual defendant to be liable for the $20,000 balance of the judgment subject to a right of contribution if the public entity defendant paid plaintiff more than its 85% share or the individual defendant paid plaintiff more than his 15% share. *21 The Supreme Court rejected the individual defendant's argument that, because he had been found only 15% at fault, he should not be held liable for approximately 70% of the entire $50,000 damage verdict.
On the appeals before us, under N.J.S.A. 59:9-2(e) and case law interpreting it defendant City of Passaic and its employee Simbol were entitled to the collateral source benefit of the worker's compensation medical and disability payments already paid to plaintiff, Kramer v. Sony Corp. of America, 201 N.J. Super. 314 (App.Div. 1985); The Travelers Ins. Co. v. Collella, 169 N.J. Super. 412 (App.Div. 1979).
In Travelers we held that N.J.S.A. 59:9-2(e) exempts a public entity defendant from a worker's compensation lien under N.J.S.A. 34:15-40 upon a third party recovery against that public entity by an employee injured in the course of his employment. In Kramer we held that worker's compensation liability was not discharged upon settlement of a third party action against a public entity defendant.
The judgment against defendants city and Simbol should have been in the amount of the total verdicts of $35,000, less the State's worker's compensation lien. The judgment against Valdes should have been in the amount of the total verdict of $35,000, subject to the State's worker's compensation lien, with Valdes' right to contribution against his codefendants limited to the amount of any payment by him to plaintiff in excess of 27 1/2% of the judgment excluding the State's worker's compensation lien. As in Rivera, individual defendant Valdes' total liability under the judgment may be in excess of his apportioned liability of 27 1/2%, an unavoidable consequence, under the facts, of complying with the legislative mandates of both N.J.S.A. 59:9-2(e) and N.J.S.A. 34:15-40.
It is not clear on the record whether defendant Valdes' liability insurance coverage is sufficient to discharge the State's worker's compensation lien and to pay 27 1/2% of the balance of plaintiff's judgment. In the event that it is insufficient, plaintiff *22 may enforce the entire judgment of $35,000 less the worker's compensation lien against defendants city and Simbol, who would have a right to contribution from defendant Valdes for the excess paid above 72 1/2%; because its lien had not been paid in full, the State as employer would not be released from worker's compensation liability; plaintiff would have a continuing right to future worker's compensation benefits from the State without obligation to reimburse the State for any balance owing on its lien after exhaustion of defendant Valdes' liability insurance coverage.
Because the judgment entered in the tort action was erroneous as a matter of law, we direct that it be reformed to conform to governing law as set forth in this opinion. We reverse and remand for entry of judgments in both actions in accordance herewith. We do not retain jurisdiction.