290 N.J. Super. 399 (1996)
675 A.2d 1176
TERESA A. OHLWEILER, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF CHATHAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1996.
Decided May 17, 1996.
*400 Before SHEBELL, STERN and NEWMAN, JJ.
John G. Tinker argued the cause for appellant (Leary, Bride, Tinker & Moran, attorneys, Mr. Tinker, of counsel; Brian Peoples, on the brief).
Lewis Stein argued the cause for respondent (Nusbaum, Stein, Goldstein & Bronstein, attorneys, Mr. Stein, of counsel; Mary B. Holovacs, on the brief).
The opinion of the court was delivered by NEWMAN, J.A.D.
Defendant Township of Chatham appeals from an order granting plaintiff leave to file a late notice of tort claim under N.J.S.A. 59:8-9. Defendant argues that plaintiff failed to show "sufficient reasons constituting extraordinary circumstances" under N.J.S.A. 59:8-9 for not filing a notice within 90 days of her accident. We disagree and affirm.
On September 30, 1994, plaintiff Teresa A. Ohlweiler, a public school teacher in Chatham, took a group of students on a tour of the sewage disposal system owned and operated by defendant. During the tour, plaintiff fell into an "uncovered manhole" in the driveway. She sustained what appeared to be a moderate and transitory injury. She went to the hospital, was examined and was released. She remained out of work for four days.
*401 On October 10, 1994, a "Supervisor Accident Investigation Report" was completed by the workers' compensation insurance administrator for plaintiff's employer, the School District of Chatham. It described plaintiff's injury as "sprained knee and contusion  left knee." On November 8, 1994, plaintiff, still having some pain and swelling in her knee, saw Dr. Masur, an orthopedist. Plaintiff was x-rayed. No fracture or other structural defect was shown on the x-ray. Dr. Masur asked her to return in one month.
On December 6, 1994, plaintiff consulted with an attorney, Ronald Bronstein (Bronstein), a workers' compensation specialist with the law firm of Nusbaum, Stein, Goldstein & Bronstein, P.A. regarding her fall. Bronstein referred her to his partner, Lewis Stein (Stein), a certified civil and criminal trial practitioner who specialized in personal injury law. On December 7, 1994, plaintiff telephoned for an appointment with Stein and described her injury as "bruised knee and severe contusion to lower leg". Stein certified that subsequent "[c]onsultation [with plaintiff] suggested that this was a matter that would not warrant the making of a claim or pursuing a cause of action under N.J.S.A. 59:8-8" of the Tort Claims Act. Mr. Stein continued,
[a]dded to this consideration was the fact that the plaintiff was an employee of another governmental agency within the municipality, namely the Board of Education, and there was some sensitivity to bringing a meaningless claim against another public agency in the same community, namely the township governing body. Therefore a decision was made not to undertake a claim against the municipality and no file was opened in this office in connection with a potential negligence action pursuant to N.J.S.A. 59:8-8.
On December 23, 1994, plaintiff again saw Dr. Masur. He diagnosed a "severe bruise" and ordered a bone scan since the knee condition appeared to have worsened. 90 days from the date of plaintiff's accident passed on December 29, 1994. On January 11, 1995, plaintiff informed her attorney about the results of the December 23 visit to Dr. Masur. On February 17, 1995, a bone scan was performed on plaintiff. Plaintiff was advised on February 28, 1995 that she had a severe bone bruise and torn cartilage in her knee.
*402 On March 3, 1995, plaintiff, through counsel, forwarded a notice of intention to make a claim to defendant. Plaintiff's attorney said that this was done "in light of the circumstances which now indicate that plaintiff was in fact injured and that she suffered more than a transitory contusion and sprain".
In an April 11, 1995 letter, defendant's insurer denied plaintiff's claim because her notice was not filed within 90 days of the accident.
On July 20, 1995, plaintiff filed a motion for permission to file a late notice of claim under N.J.S.A. 59:8-9.
The motion was argued on August 10, 1995. The following colloquy and decision ensued:
THE COURT: I can't understand why I would deny this motion. She didn't know  she goes to an attorney. The attorney says, look, if you don't have a permanent injury, you don't have a cause of action. And she finds out she has a permanent injury and brings suit.
....
I thought one of the touchstones of the ... equation here is whether the plaintiff knows they have a cause of action that they can bring.
DEFENSE COUNSEL: Knows of an injury, not a cause of action....
THE COURT: Not just knows of an injury. Knows they can sue somebody for the injury. She goes to an attorney within the 90 days. The attorney says you don't have a cause of action. You don't have a permanent injury. So then a few weeks later she finds out she has a permanent injury and now she can sue.
....
This is a discretionary thing. This is brought within three months of the time that she should have filed the notice.
DEFENSE COUNSEL: No longer as discretionary. It used to be. The statute changed June 23, 1994. Now the threshold to be met by the plaintiff is extraordinary circumstances....
THE COURT: Seems to me it would be extraordinary under these circumstances to say she can't sue. There's no prejudice at all. Not the slightest bit of prejudice.
DEFENSE COUNSEL: Which isn't relevant to the first prong of the analysis [(whether plaintiff had sufficient reasons constituting extraordinary circumstances for not filing within 90 days)].
THE COURT: I understand that. But I just feel that if the statute is there at all, saving somebody from not meeting the 90 days, this seems to be the type of case that we should grant the relief, where there's no possible prejudice.
*403 On appeal, defendant argues that the motion judge erred in granting plaintiff leave to file a late notice of tort claim because plaintiff did not show "sufficient reasons constituting extraordinary circumstances" under N.J.S.A. 59:8-9 for her failure to file a timely notice of claim.
Prior to June 23, 1994, N.J.S.A. 59:8-9 granted a court discretion to extend the time for filing a notice of claim to avoid the harsh impact of the 90-day notice requirement under the following circumstances:
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion based upon affidavits showing sufficient reasons for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act; provided that in no event may any suit against a public entity arising under this act be filed later than 2 years from the time of the accrual of the claim.
The grant or denial of permission to file a late claim within the one year period is a matter left to the sound discretion of the trial court, and will be sustained on appeal in the absence of a showing of an abuse thereof. Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 146, 543 A.2d 443 (1988). The Legislature has entrusted the relaxation of the 90-day notice of claim requirement to the discretion of a Superior Court judge provided that there has not been substantial prejudice to the public entity. The basic repose of discretion has not been affected under the amendment to N.J.S.A. 59:8-9 of June 23, 1994. That section now reads:
A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion [based upon] supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed by section 59:8-8 of this act or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter; provided that in no event may any suit against a public entity or public employee arising under this act be filed later than 2 years from the time of the accrual of the claim.
[additions underlined, deletions in brackets].
*404 Permission to file a notice of late claim is contingent on two showings being made. The court must determine first whether there are "sufficient reasons constituting extraordinary circumstances" for the claimant's failure to file within the 90-day period specified by N.J.S.A. 59:8-8, and second, whether the public entity would be "substantially prejudiced" by the granting of the request. See Lamb, supra, 111 N.J. at 146-47, 543 A.2d 443. Defendant concedes that it would not be prejudiced by the granting of plaintiff's motion.
We recently addressed the amendment to N.J.S.A. 59:8-9 in Zois v. New Jersey Sports and Expo. Auth., 286 N.J. Super. 670, 670 A.2d 92 (App.Div. 1996). There, we noted that "[t]he Legislature has signaled a change in the treatment of late notices of claim" and that the Tort Claims Act's leading commentators, Margolis and Novack, "have also suggested that the amendment may have signaled the end to a rule of liberality." Id. at 675, 670 A.2d 92. We did not, however, define the term "extraordinary circumstances" in Zois. See Mazakas v. Wray, 205 N.J. Super. 367, 371, 500 A.2d 1085 (App.Div. 1985) (where similar language of "extraordinary circumstances" was the exception to the requirement of a timely filing for a trial de novo after arbitration, but that language itself was not defined by the court).
Under the pre-amendment version of N.J.S.A. 59:8-9, "sufficient reasons" was not defined and had to be determined on a case-by-case basis. Lamb, supra, 111 N.J. at 147, 543 A.2d 443. Likewise, the post-amendment version of N.J.S.A. 59:8-9 does not define what circumstances are to be considered "extraordinary" and necessarily leaves it for a case-by-case determination as to whether the reasons given rise to the level of "extraordinary" on the facts presented. Margolis and Novack, Claims Against Public Entities, Comment to N.J.S.A. 59:8-9, p. 148 (1995). (stating that "[i]t is to be expected" that each case would still have to be determined on its own facts after the 1994 amendment.)
*405 Here, plaintiff was diligent and timely throughout in seeking both medical care and legal advice respecting her injury. She consulted an orthopedist who monitored her condition, and she returned for follow-up examinations as requested by him. At the same time, she consulted with counsel, who was a specialist in the area of personal injury law. Plaintiff was not ambivalent towards filing a notice of claim. See Lutz v. Township of Gloucester, 153 N.J. Super. 461, 465-66, 380 A.2d 280 (App.Div. 1977) (insufficient reason where the delay in filing was due to claimant's indecision about whether to press a claim). Upon the advice she received, she was persuaded that it was inappropriate to file a frivolous claim against the Township when she was employed by the same township's Board of Education. Her claim would have been frivolous at the time in part because the injury that was diagnosed, a sprain and contusion, was not an objective permanent injury entitling her to pain and suffering damages or permanent injury damages under N.J.S.A. 59:9-2(d). See Thorpe v. Cohen, 258 N.J. Super. 523, 610 A.2d 878 (App.Div. 1992). Rather, it was the type of injury that usually resolves itself. Unfortunately for plaintiff, that did not happen here. It was thus out of the normal course of events for the condition to worsen, given the earlier diagnosis by the orthopedist supported by the absence of any objective evidence of permanency to the injury she sustained. Furthermore, while N.J.S.A. 59:9-2(d) would not have prevented plaintiff from recovering unreimbursed medical expenses or any lost wages, there is no indication that plaintiff had any such damages, particularly since her injury was covered by workers' compensation. See N.J.S.A. 59:9-2(e); Ortega v. State, 213 N.J. Super. 16, 516 A.2d 258 (App.Div. 1986) (under N.J.S.A. 59:9-2(e), public entity defendant was entitled to have the entire amount of workers' compensation benefits received by plaintiff credited against its liability).
The change in plaintiff's physical condition was unusual, unanticipated and unexpected. That being the case and in the absence of any prejudice to defendant, we find no abuse of discretion by the *406 motion judge in granting leave for plaintiff to file a late notice of claim.
The order appealed from is affirmed.