903 A.2d 1110 (2006)
387 N.J. Super. 331
R.L., Plaintiff-Respondent,
v.
STATE-OPERATED SCHOOL DISTRICT of the City of Newark,[1] Defendant-Appellant, and
Hassan Vann, Fernand Williams and Sarah Swinney, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 2006.
Decided August 14, 2006.
*1111 Matthew J. Tharney argued the cause for appellant (McCarter & English, attorneys; Mr. Tharney, of counsel and on the brief; Natalie S. Watson, Newark, on the brief).
Richard W. Carlson argued the cause for respondent (Friedman, Friedman, Carlson & Scherman, attorneys; Mr. Carlson, of counsel and on the brief).
Before Judges PARKER, GRALL and NEWMAN.
The opinion of the court was delivered by
*1112 GRALL, J.A.D.
In 2004, R.L. graduated from a high school in the State-Operated School District of the City of Newark (District). On May 5, 2005, he learned that he is infected with the human immunodeficiency virus (HIV). R.L. contends that he contracted the disease as a consequence of a sexual relationship with his teacher, who was also the school's band director. The sexual relationship commenced during his junior year of high school and continued until July 2004.
R.L. acknowledges that any claim he has against the District and its employees is subject to the New Jersey Tort Claims Act (the Act), N.J.S.A. 59:1-1 to :12-3. On October 7, 2005, he moved for leave to file a notice of claim more than ninety days after the accrual of his cause of action. See N.J.S.A. 59:8-8; N.J.S.A. 59:8-9. The trial court granted that motion, and this court granted the District's motion for leave to appeal. See Moon v. Warren Haven Nursing Home, 182 N.J. 507, 508, 867 A.2d 1174 (2005) (order granting leave to file notice of claim is interlocutory).
This case raises two issues. We first consider the accrual date and conclude that it was May 5, 2005, the date R.L. learned that he was harmed by the intercourse. See J.L. v. J.F., 317 N.J.Super. 418, 433-34, 722 A.2d 558 (App.Div.), certif. denied, 158 N.J. 685, 731 A.2d 45 (1999); Maher v. County of Mercer, 384 N.J.Super. 182, 189, 894 A.2d 100 (App.Div.2006). We next consider whether the motion judge erred in granting leave to file this claim later than the ninetieth day after discovery and conclude that the judge did not misapply the statutory criteria or otherwise abuse her discretion. N.J.S.A. 59:8-9.
R.L.'s certification in support of his motion provided the following information relevant to the decision on appeal. In the fall of 2000, R.L. was a fourteen-year-old freshman at the high school and a member of the band. His music teacher, also the band director, took an interest in him and touched him "in a sexual manner." There is no evidence that this sexual contact advanced beyond groping through clothing during that year.
R.L. reported the incidents to his aunt, who was his guardian. She removed him from the school and enrolled him in a high school in another city. Prior to his sophomore year, R.L. returned to Newark to live with his sister and re-enrolled in the same high school. He was placed in a class taught by the same teacher.
R.L. asked his guidance counselor to transfer him but did not give a reason for that request. As the year progressed, he told her about the incidents that occurred during his freshman year. The counselor arranged for R.L., his aunt and his sister to meet with a social worker. No action was taken following that meeting, and there were no additional incidents of sexual contact that year. When R.L. returned to school for his junior year, his guidance counselor and the social worker were no longer working at the high school.
During R.L.'s junior year, the sexual conduct resumed under different circumstances. R.L. was in the band. The teacher, who was still the band director, flirted with him at school and band events and offered him rides. He invited R.L. to his cousin's apartment, where he gave him alcohol and "weed." They had sex. After the first encounter, the conduct was repeated on a regular basis. The last incident occurred within a month of R.L.'s graduation and shortly after his eighteenth birthday.
In April 2005 R.L.'s friend suggested that he be tested for HIV and R.L. agreed. On May 5, 2005, R.L. learned that the test was positive. Before the end of May, he reported the illness and the teacher's conduct *1113 to the Newark Board of Education. On June 1, 2005, R.L. reported the teacher's conduct to the Newark Police Department. The teacher's employment with the District was terminated for reasons not clear on the record before us.
Following his diagnosis, R.L. was "very distressed." He cried every day and rarely left his home. Family and friends cared for him. He felt like he was going to have a nervous breakdown and was preoccupied with thoughts of death. Although R.L. felt compelled to take action to protect other students by reporting to school officials and police, he was hesitant to reveal his HIV status and was unaware of the legal requirements of the Act.
On October 2, 2005, the Star Ledger reported that a third School District, which had hired the teacher after he left the high school, had suspended him. The article reported that R.L.'s counselor and the social worker had passed on his complaints during his sophomore year of high school. It referenced R.L. by name and included his allegations and his diagnosis.
On October 4, 2005, R.L. consulted an attorney. On October 7, 2005, the attorney filed R.L.'s motion for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9.
The District argued that R.L.'s claims accrued on the date of his eighteenth birthday, which was in July 2004. Judge Leath concluded that R.L.'s claim accrued on May 5, 2005, the date on which he learned about his HIV infection. She found that R.L.'s age and the impact of the diagnosis amounted to extraordinary circumstances within the meaning of N.J.S.A. 59:8-9. The judge concluded that there was no substantial prejudice to the District because R.L. had made a prompt oral complaint. She also concluded that the motion, which was filed within sixty-six days of the expiration of the ninety-day period authorized by N.J.S.A. 59:8-8, was filed within a reasonable time of accrual.
The first step in addressing an application to file a late notice of claim is identification of the accrual date, and the District argues that the judge erred in determining that date. See Beauchamp v. Amedio, 164 N.J. 111, 118, 751 A.2d 1047 (2000). Relying on Beauchamp, the District claims that R.L.'s HIV status is relevant only to the extent of his damages from conduct that commenced during his freshman year and not to accrual. Because the cases are dissimilar, Beauchamp has no relevance to the accrual of this action.
The question in Beauchamp was the accrual date for a claim based on injuries sustained in a car accident. Id. at 114, 119, 751 A.2d 1047. The claimant sustained injuries at the time of the accident and her claim accrued on that date. Id. at 119, 751 A.2d 1047. Several months after the accident, the claimant learned that her neck and back pain would not abate because it was attributable to a permanent injury, bulging discs that would not heal. Id. at 114-15, 751 A.2d 1047. Under those facts, the Court held that the obligation to give notice was triggered by the occurrence of an injury despite the plaintiff's failure to appreciate its nature or extent. Id. at 121, 751 A.2d 1047.
This case is not comparable to Beauchamp. It involves a series of actionable torts. See N.J.S.A. 2A:61B-1a(1) (establishing a civil action based on "sexual abuse" which is defined as "an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult"); Senate Judiciary Committee, Statement to Senate Bill No. 257 (1992) (noting that under prior law the conduct was actionable under theories of assault, battery and intentional infliction of emotional distress). R.L.'s complaint is based *1114 on the injury he sustained as a result of the sexual relationship with his teacher during his junior and senior year, which he alleges involved a series of acts of penetration.
While evidence about his complaints about sexual contact during his sophomore year is relevant to the District's failure to act, that evidence is irrelevant to R.L.'s knowledge that he was injured by his relationship with the teacher during his junior and senior years of high school. There is no evidence that R.L. perceived that relationship as injurious until he learned that he had contracted HIV. The sexual contact about which R.L. complained during his sophomore year involved unwanted touching at school and band events. The intercourse occurred in a different context, during R.L.'s junior and senior years of high school, in an apartment where the teacher gave him drugs and alcohol.
It is difficult to understand the District's attempt to impute to R.L. knowledge of the injury caused by the sexual intercourse on the basis of his earlier complaints about unwanted sexual contact. The only common element is the identity of the teacher and student. When R.L. was younger, he found the sexual contact in school offensive. When he was older and his teacher took him to an apartment to share drugs, alcohol and intercourse, he did not deem himself to be injured until he discovered that he had contracted a disease. Our courts have recognized a separate cause of action based on negligent transmission of a venereal disease even when the injury is inflicted as a consequence of consensual sex between adults. See G.L. v. M.L., 228 N.J.Super. 566, 571, 550 A.2d 525 (Ch.Div. 1988).
We also fail to comprehend the District's disbelief of R.L's delayed recognition of injury flowing from this ongoing relationship with the teacher involving alcohol, drugs and sex. A person, like a teacher, who has supervisory or disciplinary authority over a child under the age of eighteen is punished as a criminal because the State recognizes that such conduct is harmful regardless of the minor's apparent consent and failure to appreciate the harm. N.J.S.A. 2C:14-2c(3). Moreover, as noted above, the Legislature has defined a cause of action based on "sexual abuse," and made it available whenever there is an act of sexual contact or penetration between an adult and a child under the age of eighteen. N.J.S.A. 2A:61B-1a(1). In establishing that tort, the Legislature provided an accrual date that assumes the possibility of delayed recognition of the injury: "[T]he cause of action shall accrue at the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse." N.J.S.A. 2A:61B-1b; see D.M. v. River Dell Reg. High Sch., 373 N.J.Super. 639, 645-46, 862 A.2d 1226 (App.Div.2004).
For all these reasons, we agree with Judge Leath's conclusion that R.L.'s action based on his relationship with his teacher during his junior and senior year of high school did not accrue until May 5, 2005. That was the date on which he discovered that he was HIV-positive and recognized that he was injured as a consequence of the sexual relationship. See Beauchamp, supra, 164 N.J. at 117, 751 A.2d 1047; Fernandi v. Strully, 35 N.J. 434, 450, 173 A.2d 277 (1961). The date of R.L.'s eighteenth birthday is irrelevant to the date of his discovery of injury flowing from the sexual relationship. See N.J.S.A. 2A:61B-1b to-1c (distinguishing accrual and tolling); N.J.S.A. 2A:14-21 (tolling of statute of limitations based on infancy until age twenty-one); N.J.S.A. 59:8-8 (tolling of time for filing of notice of claim based on infancy).
The District also argues that the judge recognized a new cause of action in *1115 holding that an employer could be liable for an employee's transmission of HIV. Liability was not the question before the court. See Beauchamp, supra, 164 N.J. at 121, 751 A.2d 1047 (issue with respect to notice of claim is notice of injury, not validity of or even intention to file an action). Moreover, the District's liability would be based on any responsibility it might have for its employee's acts or its negligence related to the supervision, hiring and retention of the teacher. See N.J.S.A. 59:2-2a; River Dell Reg. High Sch., supra, 373 N.J.Super. at 649-51, 862 A.2d 1226 (discussing applicability of discovery rule to claims based on negligence where school was not subject to responsibility pursuant to N.J.S.A. 2A:61B-1); see also Frugis v. Bracigliano, 177 N.J. 250, 270-73, 827 A.2d 1040 (2003) (discussing basis for negligence against the Board); Hardwicke v. American Boychoir Sch., 368 N.J.Super. 71, 86-88, 845 A.2d 619 (App.Div.) (discussing liability of boarding school pursuant to N.J.S.A. 2A:61B-1a(1)), aff'd as modified, 188 N.J. 69, 74-75, 902 A.2d 900 (2006); Cosgrove v. Lawrence, 215 N.J.Super. 561, 562-63, 522 A.2d 483 (App.Div.1987) (discussing immunity from vicarious liability and primary liability based on negligence). R.L. had no notice of his injury as a consequence of the District's independent negligence in hiring, supervising or retaining that teacher until he learned about his disease. See Maher, supra, 384 N.J.Super. at 188-89, 894 A.2d 100 (distinguishing burn and resulting staph infection).
We also reject the District's claim that Judge Leath erred in concluding that R.L. established adequate grounds to permit him to file a notice of claim 156 days after accrual, or sixty-six days after the ninety-day period authorized by N.J.S.A. 59:8-8. The "grant or denial of permission to file a late claim ... is a matter left to the sound discretion of the trial court," and we see no abuse of that discretion. Ohlweiler v. Twp. of Chatham, 290 N.J.Super. 399, 403, 675 A.2d 1176 (App.Div.1996).
Pursuant to N.J.S.A. 59:8-8, a notice of claim must be presented "not later than the ninetieth day after accrual of the cause of action." Nonetheless, the Act gives a court discretion to permit a filing after that period upon a motion filed within one year and "reasonable time" of the due date. N.J.S.A. 59:8-9. That discretion is limited to cases in which the claimant's affidavit shows "sufficient reasons constituting extraordinary circumstances" for the delay and there is no "substantial[] prejudice[]" to the public entity or employee. Ibid.
On the facts of this case, there is no prejudice to the public entity. R.L. gave oral notice within days of learning about his HIV infection. The only question is whether the circumstances were extraordinary.
The statute "does not define what circumstances are to be considered `extraordinary' and necessarily leaves it for a case-by-case determination ... on the facts presented." Ohlweiler, supra, 290 N.J.Super. at 404, 675 A.2d 1176. R.L. was two months short of his nineteenth birthday when he learned that he had been injured as a consequence of his teacher's conduct. The unexpected news was that he had a condition that not only can lead to death but also carries a stigma. That stigma has been recognized by our courts and the federal courts. See In re J.G., 151 N.J. 565, 580, 701 A.2d 1260 (1997) (discussing the social stigma, harassment and discrimination often suffered by individuals who are HIV-positive and citing federal cases). Although R.L. promptly notified the authorities out of concern that other students would be injured in the same manner, he spent his time crying, preoccupied with thoughts of death and was hesitant about exposing his HIV status. After *1116 his name appeared in the newspaper in connection with his oral complaint and HIV status, he promptly sought legal advice.
Under the totality of these circumstances, we cannot conclude that the Judge abused her discretion. While we have held that similar reasons, when offered individually, were inadequate, a judge must consider the collective impact of the circumstances offered as reasons for the delay. Cf. S.P. v. Collier High Sch., 319 N.J.Super. 452, 466, 725 A.2d 1142 (App. Div.1999) (youth and learning disability); Wood v. County of Burlington, 302 N.J.Super. 371, 378-80, 695 A.2d 377 (App. Div.1997) (ignorance of forms for making claim followed by delay in response after receipt of advice); O'Neill v. City of Newark, 304 N.J.Super. 543, 554, 701 A.2d 717 (App.Div.1997) (preoccupation with treatment and recovery efforts and insufficient showing of incapacity to leave home or seek assistance where claimant was aware of the severity of the injury). We are convinced that the combined reasons for delay distinguish this case from those in which we have deemed the circumstances inadequate.
The order is affirmed.
NOTES
[1] Improperly pleaded as Newark Board of Education.