**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1353-17T1

MAGALYS GARRIGA, administratrix
ad prosequendum of the estate
of JANNETTE GARRIGA,

      Plaintiff-Respondent,

v.

ROWAN UNIVERSITY,

      Defendant-Appellant.

_____

Submitted September 27, 2018 – Decided October 30, 2018

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3535-17.

Gurbir S. Grewal, Attorney General, attorney for appellant (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Marti B. Morris and Daniel M. Vannella, Deputy Attorneys General, on the briefs).

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondent (Steven L. Menaker, of counsel and on the brief).

PER CURIAM

Defendant, Rowan University, appeals a September 15, 2017 order granting plaintiff's motion for leave to file a late notice of claim under the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 to -11 (TCA). We reverse.

Plaintiff, Magalys Garriga, is administratrix of her daughter Jannette Garriga's estate. On April 26, 2017, Jannette, a Rowan doctoral student, took her own life a few weeks after learning her status in her graduate program was in jeopardy and certain Rowan professors allegedly pressured her to withdraw. On April 27, 2017, Jannette's brother met with an attorney and explained his parents were too grief stricken to attend the meeting. On August 11, 2017, 109 days after Jannette's death, plaintiff met with the attorney to pursue a claim against Rowan. On August 12, 2017, plaintiff served Rowan with a Notice of Tort Claim.[1] On August 18, 2017, plaintiff moved for leave to file a late notice of claim. The trial court granted the motion finding that the "minimal delay is excusable given the absence of substantial prejudice." Rowan moved for reconsideration, which was denied. This appeal followed.

---

[1] The notice was not included as part of the record.

A-1353-17T1

We review a trial court's decision to grant or deny permission to file a late notice of claim under an abuse of discretion standard. O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997). We defer to the trial court's factual findings unless the conclusions "were reached under a misconception of the law." D.D. v. Univ. of Medicine & Dentistry of N.J., 213 N.J. 130, 147 (2013).

The TCA requires claimants to give advance notice to public entities of an impending claim at least ninety days after accrual of the cause of action. N.J.S.A. 59:8-8. If past the deadline, a claimant may file a late notice of claim, and a trial judge may permit a late filing if: (1) the claimant provides "extraordinary circumstances" for the delay and (2) the public entity is not substantially prejudiced. N.J.S.A. 59:8-9. A claimant can demonstrate extraordinary circumstances through affidavits based on personal knowledge or by documentary evidence of a medical condition or other inhibition. Id.; see, e.g., D.D., 213 N.J. at 138–39 (basing analysis of extraordinary circumstances on a doctor's note describing the plaintiff's symptoms).

In 1994, the legislature heightened the standard claimants must show before leave is granted to file a late notice of claim. See, e.g., Rogers v. Cape May Cty. Office of Pub. Def., 208 N.J. 414, 428 (2011). The purpose of the amendment to the TCA "was to raise the bar for the filing of a late notice from

A-1353-17T1

a permissive standard, which required the movant to demonstrate only sufficient reasons for delay, to a more demanding standard, now requiring that the sufficient reasons for late filing must constitute extraordinary circumstances." Ibid. (internal quotations and citation omitted). Trial courts must assess claims of extraordinary circumstances consistent with this legislative framework to avoid "excessive or inappropriate exceptions." See D.D., 213 N.J. at 149.

Plaintiff asserts her state of grief over the loss of a child was an extraordinary circumstance. Rowan argues plaintiff's certification did not meet the heightened standard of proof and plaintiff needed to substantiate her claim through documentary evidence. Rowan argues, even if plaintiff's grief was an extraordinary circumstance, she presented no explanation as to why a representative of the family could not file a timely notice of claim. Plaintiff asserts it is self-evident the grief she experienced was paralyzing and no additional proof is necessary to demonstrate why she did not file a timely notice of claim. Her certification makes no mention of her incapacity due to grief, but her attorney certified the son told him his parents were too grief stricken to attend. Nevertheless, the son explored legal recourse against Rowan immediately following his sister's death and plaintiff certified that following

4

Jannette's death, she obtained text messages and documentation from Rowan to her daughter to support the wrongful death claim.

The TCA does not define extraordinary circumstances, and our Supreme Court stated it should be determined on a case-by-case basis. See D.D., 213 N.J. at 148. Generally, severe, debilitating, or uncommon medical conditions may exceed the extraordinary circumstances hurdle. Compare Maher v. Cty. of Mercer, 384 N.J. Super. 182, 189–90 (App. Div. 2006) (extraordinary circumstances shown by a plaintiff who developed a staph infection and was placed in a medically induced coma), with D.D., 213 N.J. at 150 (a plaintiff's diagnosis of stress, anxiety, and hypertension was considered insufficient to excuse an untimely filing). A plaintiff must put forth documentary or other evidence explaining why their circumstances were extraordinary. See, e.g., R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 340–41 (App. Div. 2006) (concluding extraordinary circumstances existed after plaintiff explained the trauma his HIV diagnosis caused); Maher, 384 N.J. Super. at 188 (noting the plaintiff presented a physician opinion letter and physician's oral statement).

In D.D., the plaintiff was "in absolute shock" after a university publicly disclosed her private medical information. D.D. 213 N.J. at 137. She experienced stress and anxiety, which required medical attention. Id. at 138–

39. The trial judge permitted her to file a late notice of claim based on two certifications attesting to the emotional and psychological difficulties she was experiencing, the effect on her personal and professional life, as well as a doctor's note attesting to the symptoms. Id. at 139. The Supreme Court reversed explaining the plaintiff's offer of proof amounted to "vaguely described complaints of stress and emotional strain" and the doctor's note did not explain how severe the symptoms were. Id. at 150–51. Allowing an exception based on limited proof, the Court explained, would contravene the legislature's intent to heighten the level of proof needed to justify excusing a late filing. Id. at 148, 151.

Here, plaintiff's son told an attorney his parents were too grief stricken to meet the day after their daughter's death. However, because that hearsay statement is the only evidence submitted to support plaintiff's claim, the court erred concluding sufficient extraordinary circumstances were established. Based upon the record provided, we cannot conclude plaintiff's grief was sufficient to meet the standard. Plaintiff offered no explanation regarding her circumstances or why another family member could not have asked the lawyer to file a timely notice of claim. We reverse the order permitting the late filing. Moreover, because we are not satisfied the record established extraordinary

6

circumstance sufficient to meet the elevated standard, we need not reach the argument of whether Rowan was substantially prejudiced by the late filing.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION