**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5905-17T4

KIRK B. SPARKS,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,

     Defendant-Respondent.

_____

Submitted October 3, 2019 – Decided October 24, 2019

Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1313-18.

Jacobs & Barbone, PA, attorneys for appellant (Louis Michael Barbone, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jessica A. Jannetti, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Kirk B. Sparks appeals from a July 13, 2018 order denying his motion to file a late notice of tort claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 59:12-3.  We affirm.

Plaintiff was a police officer in Atlantic City from 1994 until July 2015, when he applied for accidental disability benefits with the Police and Fire Retirement System.  Plaintiff was found eligible for benefits for post-traumatic stress disorder (PTSD), which he developed after his direct involvement in a March 27, 2014, high speed pursuit where gunfire was exchanged and the suspect was killed.

However, on November 20, 2015, plaintiff began working at Ramcor Services Group, Inc. (Ramcor), where he role-played in training-exercise scenarios for Transportation Security Administration employees and United States Air Marshals, which involved real-sounding and real-looking firearms. As a result of taking on such employment, plaintiff was indicted for second-degree theft by deception on December 7, 2016.  The State's charges rested on the allegation plaintiff did not disclose his employment with Ramcor, where he was around simulated gunfire, while receiving disability benefits for PTSD related to gunfire.  Defendant retained an attorney to represent him in the criminal matter, and the indictment was dismissed on July 6, 2017, because the

trial court found insufficient evidence to establish the elements of the charge. However, as a result of the indictment, plaintiff's accidental disability benefits had been revoked, leading plaintiff to again retain an attorney, this time to secure restoration of his benefits. Plaintiff asserted he did not return to a normal level of functioning until March 2018.

It was only then that plaintiff spoke with a lawyer about filing a civil suit for malicious prosecution. In May 2018, plaintiff moved for leave to file a late notice of tort claim under N.J.S.A. 59:8-9. In support of his motion, and to establish extraordinary circumstances sufficient to permit the filing of a late claim, plaintiff presented the court with his affidavit detailing why he did not file a timely notice of tort claim. Plaintiff certified he had been "consumed either by defending [himself] before the [c]riminal court and the [p]ension [b]oard while at the same time barely functioning because of the anxiety[,] stress[,] and depression." On July 13, 2018, the trial court denied plaintiff's motion, finding plaintiff did not establish extraordinary circumstances sufficient to overcome the ninety-day time bar of N.J.S.A. 59:8-8. This appeal followed.

On appeal, plaintiff argues the trial court erred in denying his motion to file a late notice of tort claim because his psychological condition established extraordinary circumstances. We disagree.

Where an aggrieved party is attempting to recover for the tortious acts of public entities, N.J.S.A. 59:8-8 requires the claimant to file a notice of claim with the public entity "not later than the [ninetieth] day after accrual of the cause of action."  However, recognizing the harshness of N.J.S.A. 59:8-8's ninety-day deadline, the Legislature created a mechanism through which a claimant could obtain judicial approval to file a late notice of claim under certain circumstances. O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 345-46 (2019).  Under N.J.S.A. 59:8-9, a claimant may be permitted to file the late notice of claim on a showing of extraordinary circumstances, as long as the application is filed within one year of the accrual of the claim and the public entity has not been substantially prejudiced by the delay.  Id. at 346.

The decision to grant a plaintiff permission to file a late notice of claim "'is a matter left to the sound discretion of the trial court.'"  R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 340 (App. Div. 2006) (quoting Ohlweiler v. Twp. of Chatham, 290 N.J. Super. 399, 403 (App. Div. 1996), overruled on other grounds by Beauchamp v. Amedio, 164 N.J. 111, 120 (2000)). Nevertheless, this "discretion is limited" because the late claimant must show "'sufficient reasons constituting extraordinary circumstances' for the delay and [that] there is no 'substantial[] prejudice[]' to the public entity or employee."

Ibid. (quoting Ohlweiler, 290 N.J. Super. at 403). Findings about "the lack of 'substantial prejudice' and the presence of 'extraordinary circumstances' . . . must be expressly made in order to comply with the legislative mandate and to justify the entry of an order permitting the filing of a late notice of claim under N.J.S.A. 59:8-9." Allen v. Krause, 306 N.J. Super. 448, 455-56 (App. Div. 1997).

Here, the trial judge rejected plaintiff's claim that the extraordinary circumstances of his psychological impairments rendered him so severely debilitated that he could not obtain counsel in other legal matters. Moreover, the judge concluded plaintiff presented no other evidence that his psychological condition, alone or with other factors, constituted extraordinary circumstances.

Based on our review of the record, we discern no abuse of the trial judge's discretion in finding that plaintiff has not shown his psychological condition was so "severe, debilitating, or uncommon" to prevent him from contacting an attorney and pursuing a claim. D.D. v. Univ. of Med. and Dentistry of New Jersey, 213 N.J. 130, 150 (2013). To the contrary, plaintiff twice conferred with counsel in other matters. Further, plaintiff was not bedridden, confined to a hospital, or under a mental impairment that prevented him from filing a timely notice of tort claim. Although we do not doubt plaintiff suffered the stress and anxiety he described, his circumstances do not meet the required high threshold of "extraordinary

A-5905-17T4

circumstances" under N.J.S.A. 59:8-9. His conduct in the ninety days following the dismissal of the indictment confirms he could have visited an attorney's office, or contacted an attorney from his home.

We have carefully reviewed the record regarding all remaining arguments and have determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION