**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1028-18T3

ROY ISOLA,

    Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Defendant-Respondent,

and

WILLIE BONDS, MS. ROUNDTREE,
and MR. ROMANO,

    Defendants.

_____

Submitted December 2, 2019 – Decided January 8, 2020

Before Judges Messano and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0648-18.

Roy Isola, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Joseph Neal, Deputy Attorney General, on the brief.)

PER CURIAM

Plaintiff Roy Isola appeals from an order denying his motion for leave to file a late notice of tort claim under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA). Having reviewed the record presented to the motion court, we are convinced it did not abuse its discretion by denying the motion because the sparse facts plaintiff provided in support of his request did not establish the extraordinary circumstances required under N.J.S.A. 59:8-9 to allow a late filing of the notice.

I.

Plaintiff filed a pro se motion for leave to file a late notice of tort claim. Plaintiff's notice of motion, supporting certification, and cover letter to the court are dated August 6, 2018, and were received and filed with the court on September 11, 2018.

Plaintiff's certification provided scant and vague facts supporting his request. More specifically, plaintiff asserted he is in the custody of defendant New Jersey Department of Corrections at South Woods State Prison. He averred that he "was seriously injured performing" his "work assignment in the prison's

foodservice department," and was thereafter "kept [in a hospital's] [b]urn [t]treatment [c]enter for an entire month." He further claimed that after he returned to the prison, he was "placed" in its "[e]xtensive [c]are [u]nit . . . with no access to the prison's law library."

Plaintiff asserted that "once [he was] released into general population, [he] was advised that [he] could not make legal telephone calls to locate an attorney to help represent [his] interests." Plaintiff certified he "asked an inmate paralegal," who later was "sent to lock-up and administrative segregation." Plaintiff averred that "another inmate paralegal [was] attempting to assist [him] in filing the necessary documents." Plaintiff noted he has a "limited education[] and no formal legal training." Plaintiff's certification did not refer to any documents or medical records supporting his motion.

In its oral opinion denying the motion, the court found plaintiff's submissions failed to explain or demonstrate the extraordinary circumstances required to permit the late filing of a tort claims notice.[1] The court observed

---

[1] In its decision, the court referred to "records indicat[ing] that [plaintiff] was released from [the hospital] in around May 15th" and "presume[ed plaintiff] was injured sometime in April." The court does not identify the records and, as noted, plaintiff's supporting certification does not refer to any records. In addition, there is no evidence the purported facts reflected in any records were supported by an affidavit or certification. See R. 1:6-6; Mazur v. Crane's Mill
(continued)

that plaintiff's submissions did not include basic information related to the motion—such as the date of his injury and the dates he was in the hospital—and otherwise lacked "enough information" sufficient to support a finding there were extraordinary circumstances justifying the late filing of a notice of tort claim.

The court entered an order denying plaintiff's motion, and this appeal followed. Plaintiff presents the following arguments for our consideration:

> POINT 1
>
> THE LAW DIVISION ERRED BY FAILING TO CONSIDER THE PLAINTIFF'S LACK OF ACCESS TO THE COURTS TO FILE A TIMELY NOTICE.

---

Nursing Home, 441 N.J. Super. 168, 179-80 (App. Div. 2015) (explaining that when facts are not judicially noticeable, they must be supported by affidavits based on personal knowledge or documents "incorporated by reference in an appropriate affidavit or certification, which properly authenticates material that is otherwise admissible" (citation omitted)); see also N.J.S.A. 59:8-9 (requiring that applications for leave to file a late notice of claim under the TCA must be supported by "affidavits based upon personal knowledge of the affiant"). Plaintiff's confidential appendix includes a seven-page hospital record showing a May 15, 2018 discharge date for a "[f]ull thickness burn of [the] foot," but there is no showing the record was presented to the motion court and, even it was, the record does not constitute competent evidence because it is untethered to an affidavit or certification establishing its authenticity. Mazur, 441 N.J. Super. at 179-80. In addition, even if the court could have properly considered the record, it provides only a discharge date and general description of the reason for the visit and does not otherwise establish any facts supporting a finding of extraordinary circumstances.

4

POINT 2

THE DEFENDANT FAILED TO DEMONSTRATE SUBSTANTIAL PREJUDICE SHOULD THE COURT FIND THAT "EXTRAORDINARY CIRCUMSTANCES" PROHIBITED THE PLAINTIFF FROM TIMELY FILING HIS NOTICE.

POINT 3

THE LAW DIVISION'S DECISION TO DENY PLAINTIFF LEAVE TO FILE A LATE NOTICE OF TORT [CLAIM] SHOULD BE REVERSED ON FUNDAMENTAL FAIRNESS GROUNDS[.]

II.

We review an order denying a motion for leave to file a late notice of claim under the TCA for an abuse of discretion. D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 147 (2013); see also O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019) (noting N.J.S.A. 59:8-9 leaves the determination of whether a late notice may be filed to "the discretion of a judge of the Superior Court"). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" Moraes v. Wesler, 439 N.J. Super. 375, 378 (App. Div. 2015) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)), or when "the discretionary act was not premised upon consideration of all relevant factors,

was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment," ibid. (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

The TCA "imposes strict requirements upon litigants seeking to file claims against public entities." McDade v. Siazon, 208 N.J. 463, 468 (2011). N.J.S.A. 59:8-3 provides that "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented" to the appropriate public entity in a written notice of claim. See also D.D., 213 N.J. at 159. "A claim relating to a cause of action . . . shall be presented . . . [no] later than the [ninetieth day] after accrual of the cause of action." N.J.S.A. 59:8-8.

The TCA allows for the late filing of a notice of tort claim, but only under the circumstances prescribed in N.J.S.A. 59:8-9. The statute provides that "[a] claimant who fails to file notice of his [or her] claim within [ninety] days . . . may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of [the] claim" as long as the public entity or employee "has not been substantially prejudiced thereby." N.J.S.A. 59:8-9. A motion for leave to file a late notice of tort claim must be supported by "affidavits based upon personal knowledge of the affiant

showing sufficient reasons constituting extraordinary circumstances for his [or her] failure to file notice of claim within" ninety days "after accrual of the cause of action" as otherwise required under N.J.S.A. 59:8-8, "or to file a motion seeking leave to file a late notice of claim within a reasonable time thereafter." N.J.S.A. 59:8-9.

The TCA places the burden on the plaintiff to demonstrate extraordinary circumstances justifying the late filing of a notice of tort claim. A trial court may exercise its discretion to allow the late filing of a notice of tort claim only where "claimant's affidavit shows sufficient reasons constituting extraordinary circumstances for the delay . . . ." Leidy v. Cty. of Ocean, 398 N.J. Super. 449, 456 (App. Div. 2008).

"The phrase 'extraordinary circumstances' was added to the statute in 1994" to "raise the bar for the filing of late notice from a 'fairly permissive standard' to a 'more demanding' one." Beauchamp v. Amedio, 164 N.J. 111, 118 (2000) (quoting Lowe v Zarghami, 158 N.J. 606, 625 (1999)). The statute "does not define what circumstances are to be considered 'extraordinary' and necessarily leaves it for a case-by-case determination . . . on the facts presented," Ohlweiler v. Twp. of Chatham, 290 N.J. Super. 399, 404 (App. Div. 1996), and a court "must consider the collective impact of the circumstances offered as

reasons for the delay," <u>R.L. v. State-Operated Sch. Dist.</u>, 387 N.J. Super. 331, 341 (App. Div. 2006). In its consideration of a motion for leave to file a late notice of tort claim, "the court's focus must be directed to the evidence that relates to [a] plaintiff's circumstances as they were during the ninety-day time period, because that is the time during which the notice should have been filed." <u>D.D.</u>, 213 N.J. at 151.

The sole support for plaintiff's motion is found in his certification which the motion court correctly found does not present facts establishing extraordinary circumstances excusing plaintiff's delay in filing his notice of tort claim. The certification does not include the dates of plaintiff's alleged injury, stay in the hospital, return to the prison, treatment in the prison, or his communications with inmate paralegals. Thus, plaintiff did not provide the court with information essential to determining whether any of the circumstances to which he makes reference occurred during the ninety-day period following the accrual of his claimed cause of action, or otherwise occurred at times that might justify the late filing of a notice of tort claim. <u>See</u> <u>ibid.</u> (finding that a "vague" description of the timing of the occurrence of the alleged extraordinary circumstances is insufficient to support relief under N.J.S.A. 59:8-9). Indeed, the certification's lack of detail made it impossible for

the motion court to determine when the ninety-day period for filing the notice of tort claim started and ended, thus preventing the court from considering whether the alleged circumstances upon which plaintiff attempts to rely occurred within that period. See ibid. (rejecting reliance on a doctor's note to establish a medical condition constituting an extraordinary circumstance under N.J.S.A. 59:8-9 because the note was "not tied to the ninety-day window fixed by the" TCA). For those reasons alone, we find the motion court did not abuse its discretion by denying plaintiff's motion, and affirm.

In addition, plaintiff's certification suggests that his alleged injury, and the treatment related to it, constitute extraordinary circumstances justifying his failure to timely file his notice of tort claim. Again, the certification lacks the necessary information and detail. Vague allegations about injuries do not establish extraordinary circumstances satisfying the requirements of N.J.S.A. 59:8-9. D.D., 213 N.J. at 150. Plaintiff did not certify that his injury was so "severe, debilitating, or uncommon," ibid., that it "prevented [him] from acting to pursue [his] complaint or that [his] ability to do so was in any way impeded by [his] medical . . . state," id. at 151. He also failed to present competent evidence his injuries and treatment prevented the timely filing of the notice of tort claim. See id. at 152 (finding that a lack of competent evidence of a

"medical . . . state [that] rose to the level needed to meet the statutory threshold of extraordinary circumstances" does not "excuse" a failure to timely file a notice of tort claim).

The remaining assertions in plaintiff's certification also lack temporal context and are untethered to evidence that any circumstance justified the late filing of the notice of tort claim. For example, plaintiff vaguely asserted that he "asked an inmate paralegal," but did not identify what he "asked" about or when. Plaintiff also claimed "[a]nother inmate paralegal is now attempting to assist" him, but did not explain whether his interactions with the paralegal occurred within the relevant ninety-day time period or describe how his interactions with the paralegal constitute an extraordinary circumstance providing a reason for the untimely filing of the notice of tort claim. Plaintiff's claim that he was advised he could not make "legal telephone calls to locate an attorney" suffers from the identical lack of sufficient information preventing any reasoned conclusion he demonstrated extraordinary circumstances allowing the filing of a notice of tort claim under N.J.S.A. 59:8-9.

Although we review "more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits" and resolve "any

A-1028-18T3

doubts" as to whether extraordinary circumstances exist "in favor of the application," id. at 169 (Lavecchia, J. dissenting) (quoting Lowe, 158 N.J. at 629), we are convinced the court correctly determined plaintiff failed to sustain his burden of presenting evidence establishing the requisite extraordinary circumstances to allow the requested late filing of the notice of tort claim. Plaintiff's supporting certification, even when read broadly, simply lacks sufficient facts. The court correctly recognized the deficiency and did not abuse its discretion by denying plaintiff's motion.

Plaintiff does not contend the court erred by concluding his supporting certification did not establish the extraordinary circumstances required to support the late filing of a notice of tort claim. Instead, plaintiff ignores the deficiencies in his certification and relies on documents, assertions, and information that were not presented to the motion court. In Point One of his brief, plaintiff relies on what he describes as the "inmate handbook" and policies he contends "stymie[] inmates from obtaining outside counsel," purported denials of his requests for use of the prison law library, and factual assertions concerning his alleged efforts to obtain counsel during the ninety days following his alleged injury. He further cites to an "AMENDED CERTIFICATION IN SUPPORT OF MOTION SEEKING LEAVE TO FILE A LATE NOTICE OF

TORT CLAIM PURSUANT" that he attaches as an exhibit to his appellate brief, in support of numerous newly minted factual allegations.[2]

There is no competent evidence the inmate manual, purported policies, amended certification, and assertions of fact supporting plaintiff's arguments on appeal were presented to the motion court. As a result, they are not properly before this court and do not permit or require a reversal of the court's decision. "Our rules provide that '[t]he record on appeal shall consist of all papers on file in the court . . . below,'" Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, PA, 189 N.J. 436, 452 (2007) (quoting R. 2:5-4), and our Supreme Court "has long held [that] appellate review is limited to the record developed before the trial court," Davis v. Devereux Foundation, 209 N.J. 269, 296 n.8 (2012). We therefore reject plaintiff's reliance on the information, documents, and allegations that he failed to properly present to the motion court.

_____

[2] Plaintiff's amended certification is dated October 12, 2018, the same day the court rendered its oral decision and entered the order denying plaintiff's motion for leave to file the late notice of tort claim. Plaintiff's appendix also includes a cover letter to the court dated October 12, 2018, purportedly enclosing the amended certification. Thus, the amended certification could not have been received by the court prior to the scheduled disposition of the motion on October 12, 2018. The record on appeal does not include any competent evidence the amended certification was actually served by plaintiff, received by the court, or filed. See R. 1:5-3. Moreover, plaintiff never moved for reconsideration of the court's October 12, 2018 order, arguing the court failed to consider his amended certification in its denial of the motion for leave to file a late notice of tort claim.

We also reject plaintiff's argument that the motion court erred because defendant failed to present evidence it would be substantially prejudiced by the late filing of the notice of claim. It was unnecessary for the court to consider that issue because defendant did not establish extraordinary circumstances in the first instance. See Leidy, 398 N.J. Super. at 456 (explaining that findings of both a lack of substantial prejudice and the presence of extraordinary circumstances are required to grant leave to file a late notice of tort claim under N.J.S.A. 59:8-9).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1028-18T3